# OSBORNE v. OSBORNE.—197 S. W. (2d) 234.

Eastern Section. March 16, 1946.

Petition for Certiorari denied by Supreme Court, May 24, 1946.

464

Moon & Anderson, of Chattanooga, for plaintiff in error.

J. N. Hunter, of Chattanooga, for defendant in error.

BURNETT, J. Lucille C. Osborne, on March 12, 1943, was granted a decree for absolute divorce from C. Bert Osborne. The parties had no children. Prior to the rendition of the divorce decree, and subsequent to the filing of the petition for divorce, plaintiff and defendant entered into a written contract settling and adjusting all of their property rights between themselves. The court, without hearing proof on these property rights, adopted the property settlement as agreed to by the parties and accordingly so decreed. The cause, by appropriate language, was expressly retained on the docket ''for such other orders as the Court may see fit to make from time to time, and the enforcement of this decree and such other decrees and either party has leave to apply to the Court for such further decree or decrees, orders, executions and other relief as may be necessary and proper.''

It was agreed in the contract referred to above that in event a divorce was granted Lucille Osborne was to be given various personal and real properties. It was also agreed under clause 7 of the contract that:

''That Mrs. Lucille C. Osborne be awarded permanent alimony of $100.00 per month as long as she lives or remains unmarried. It is further agreed that C. Bert Osborne will arrange with the Navy to have the $100.00 monthly payments sent direct to Mrs. Lucille C. Osborne at Ashtabula, Ohio, or such other place or places as she may request. It is further agreed that this amount is based upon C. Bert Osborne's present earnings, which he represents to be $300.00 per month, and that in the event

his earnings are increased or decreased as much as 10% either party may make application to have the monthly alimony increased or decreased. It is agreed that this case shall be retained in Court and held open for such further decrees and orders as may be made in connection with the increase or decrease of alimony or other orders such as the Court may see fit to make.''

On November 10, 1944, C. Bert Osborne filed a petition in the cause asking that he be relieved of further alimony payments. His petition is based on the fact that he has remarried and has one child by this second marriage and is expecting a second; that Lucille Osborne is now working and is making enough to care for herself; that his present income is not sufficient to care for his increased needs. In due reason this petition was answered denying his right of reduction. A stipulation entered into between the parties shows among other things that his income was $418 per month.

The trial court heard the matter and reduced the One Hundred ($100) Dollars monthly payments to Sixty ($60) Dollars and made the reduction retroactive to the date of the filing of the petition. It is from this order that Lucille Osborne has appealed to this court and assigned errors.

A case is here presented where childless parties to a marriage have entered into a valid agreement, after proper representation by able counsel and without any element of fraud or duress, which is incorporated into a decree awarding the plaintiff an absolute divorce. Is such an agreement a binding contract wherein the court in a divorce action is bound to adhere to?

■■ The general rule is that such agreements are merely evidential in value and may be followed by the court in its award of alimony—they should be given great consideration but are subject to close scrutiny by

the court. When such agreements or their terms are adopted in the decree fixing alimony they are not absolute and binding when the court retains jurisdiction for their modification or the statute law of the state provides that such decrees remain open and subject to modification. 27 C. J. S., Divorce, Sec. 234, p. 961. See notes in 58 A. L. R. 639, and 109 A. L. R. 1068, where numerous cases are collected. The author states that the above rule is supported by the weight of authority.

■ "Other contracts may be modified, restricted, or enlarged, or entirely released upon the consent of the parties. Not so with marriage. The relation once formed, the law steps in and holds the parties to various obligations and liabilities. It is an institution, in the maintenance of which in its purity the public is deeply interested, for it is the foundation of the family and of society, without which there would be neither civilization nor progress." Maynard v. Hill, 125 U. S. 190, 8 C. Ct. 723, 729, 31 L. Ed. 654.

■■ A divorce action is really a triangular proceeding where in addition to the parties the State through the court is a quasi party. It is for this basic reason that the courts afford the fullest possible hearing in the matter and at all times must guard against collusion, fraud and any unfair practice or undue advantage that one party might take of the other. Adhering to these principles the courts do not take the agreements of the parties as conclusive but merely use them as a basis on which an alimony decree is fixed. When the circumstances of the parties change the court's decree may be changed. Code, section 8446, provides among other things that, "the order or decree to remain in the court's control; and, on application of either party, the court may decree an increase or decrease of such allowance

on cause being shown." In Davenport v. Davenport, 178 Tenn. 517, 160 S. W. (2d) 406, the court held that the above Code section and section 8454 is incorporated in every divorce decree. The decree in the instant case retains the matter on the docket and open for modification.

■ It is the theory of the majority of the courts that an agreement of the parties becomes "merged into the decree and thereby loses its contractural nature at least to the extent that the court has the power to modify the decree when changed circumstances so justify." Worthington v. Worthington, 224 Ala. 237, 139 So. 334, 335.

The primary question in the instant case, i.e., the power of the court to modify its decree, has been indeed interesting to us. As a result of this unusual interest we have read many cases on the subject from various and varied jurisdictions. Among the better reasoned opinions that accept the minority view are: North v. North, 339 Mo. 1226, 100 S. W. (2d) 582, 109 A. L. R. 1061; Schmelzel v. Schmelzel, 287 N. Y. 21, 38 N. E. (2d) 114; Goldman v. Goldman, 282 N. Y. 296, 26 N. E. (2d) 265; International Trust Co. v. Liebhardt, 111 Colo. 208, 139 P. (2d) 264, 149 A. L. R. 700.

There are many cases holding to the majority view. We have heretofore referred to A. L. R. annotations where these may be found listed. The best reasoned one of these cases is, Herrick v. Herrick, 319 Ill. 146, 149 N. E. 820. A similar sliding scale provision of the contract as heretofore quoted in the instant case was also in the Herrick case. Our case of Mason v. Mason, 163 Tenn. 520, 43 S. W. (2d) 1067, is cited in one of the notes heretofore referred to as supporting the majority view.

This case is relied on here by the defendant in error. It is said by the plaintiff in error that this case is not binding because the rights of children were involved. On first blush this argument seems sound. After mature reflection and a thorough investigation we think the fact that the rights of children were involved is not controlling for the reasons heretofore set forth discussing the power of the court in cases like that before us. In many of the cases holding to the majority view no children were involved. In some children were, but this fact alone is not the reason for the rule.

In Russell v. Russell, 3 Tenn. App. 232, 253, decided August 7, 1926, by the Middle Section of this Court the minority view was adopted. In the Russell case no petition for certiorari was filed. In this case there are many quotations from minority opinions but there is no apparent discussion of the majority view. In the Russell case the court apparently merely concluded postnuptial agreements were valid without discussing the power of the court to modify its decree based thereon. In view of what has heretofore been said we do not deem the Russell case binding on us as authority for the proposition now before us.

Having concluded that the court has the power to modify its decree we now must consider the propriety of the court's modification.

Under this branch of the case the court very properly considered the situation of the parties, their station in life, her dependency, and his capacity to pay. In doing this much must necessarily be left to the wise discretion of the trial court. The court had originally had these parties before him. He knew the man was practically denuded of property except his capacity to earn; he

knew she was a capable able bodied woman who at the time of the hearing of this petition has an average monthly income from her work of $102.78; that she resides out of the state with her brother who is a practicing physician; that she is 42 years old. The man (defendant in error) is an officer in the U. S. Navy drawing a total sum of $419 per month. He has remarried and has two small children by this second marriage. From his income alone he must support this wife and children as well as pay $60 a month to the plaintiff in error.

In the light of what has heretofore been said we cannot say that the trial court erred. The cost incident to filing the petition below and of this appeal will be taxed against C. Bert Osborne.

Hale and McAmis, JJ., concur.