MARGARET WILCOX MORRISSEY

*v.*

PAUL G. MORRISSEY, JR.

377 S.W.2d 944.

(*Nashville,* December Term, 1963.)

Opinion filed April 8, 1964.

HENRY & HENRY, Pulaski, for appellant.

JOHN W. NOLAN, III, Nashville, for appellee.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The appellant filed this suit in the Chancery Court of Davidson County for the specific performance of a contract with the appellee, her former husband. Prior to the filing of this suit, the parties hereto had been divorced by the General Sessions Court at Springfield, wherein that court had approved a property settlement between the parties and incorporated it into the final divorce decree. Both of the parties are presently residing in Davidson County. The appellant's bill alleges that the appellee has failed to carry out the provisions of the property settlement which was incorporated into the decree of the Springfield General Sessions Court. This suit was filed in Davidson County seeking specific performance of the property settlement.

A plea in abatement was filed by the appellee, the husband and defendant in the divorce suit, wherein it was asserted that the General Sessions Court, which granted the divorce decree and ordered the alimony and property settlement between the parties, had exclusive

jurisdiction in these matters. The Chancellor sustained that plea and dismissed the bill. This appeal followed.

The divorce decree ordered the cause retained in the court granting this decree for future orders with reference to the welfare and support of the children. Such an express retention was superfluous since in this State every divorce decree, wherein an order is made for the support and maintenance of the wife and children, by statute remains in the court wherein the divorce decree was granted. These statutes so retaining the cause are now codified as sec. 36-820 and sec. 36-828, T.C.A. These Code Sections, particularly sec. 36-828 and certain amendments to sec. 36-820, were passed to meet the holdings of this Court in *Going v. Going,* 144 Tenn. 303, 232 S.W. 443 (1921); *Taylor v. Taylor,* 144 Tenn. 311, 232 S.W. 445 (1921); and *Crane v. Crane,* 26 Tenn.App. 227, 170 S.W.2d 663 (1942). This Court so held in *Perry v. Perry,* 183 Tenn. 362, 364, 192 S.W.2d 830 (1946), wherein certain portions of these Code Sections were quoted in support of this statement. Since that time all of our judicial decisions wherein this question has been presented have so held. Thus it is that this property settlement, which the appellant is now attempting to specifically enforce in Davidson County should be enforced by the court wherein the divorce, alimony, child support and property settlement were originally decreed.

This Court in *Kizer v. Bellar,* 192 Tenn. 540, 241 S.W. 2d 561 (1951), so specifically held. The Kizer case is identical with the case now before us in every particular except that in the Kizer case the conflict in the courts was between the Chancery and Circuit Courts of Davidson County while the conflict of the courts here is between the General Sessions Court of Robertson County and the

Chancery Court of Davidson County. This fact though makes no difference because even though both parties resided in Davidson County at the time this divorce was granted and were so residing at the time the present suit was filed the court which had jurisdiction of the divorce case still retains jurisdiction over the enforcement of its decree. Our case of *Darby v. Darby,* 152 Tenn. 287, 277 S.W. 894, 42 A.L.R. 1379 (1925), supports this statement. In the Darby case this Court held that the mere change of domicile and the absence from the forum does not affect the court's jurisdiction which is regarded as continuing once acquired in the original action and that notice was sufficient to empower the court to make subsequent appropriate orders upon application of either party to the court granting the divorce.

The present suit was filed on the theory that this was a separate agreement made between the parties prior to the divorce with the idea of attempting to specifically enforce such an agreement. If such agreement stood alone it would probably be met in the first instance by a proper plea or answer showing it was contrary to public policy in that it is made on the consideration that the parties get a divorce. But the present agreement is not just the agreement of the parties but is the decree of the court which is based upon the founded upon facts satisfying the court that this agreement of the parties was the equitable and right thing to do in fixing the award for alimony. "In such cases the agreement of the parties is regarded as no more than the evidence upon which the court will fix the amount. (Citing authorities). The agreement becomes merged in the decree and loses its contractual nature." *Doty v. Doty,* 37 Tenn.App. 120, 260 S.W.2d 411 (1952).

The authors of American Jurisprudence in 17 Am.Jur., sec. 733, at page 776, make this very apt statement:

"It would appear to be the almost universal rule that where a court has the general power to modify a decree for alimony, such power is not affected by the fact that such a decree for alimony refers to, or even incorporates or adopts, an agreement entered into by the parties to the action. Since the court is not bound by an agreement concerning the amount of alimony to be allowed to the wife, a fortiori the agreement cannot hinder the court in altering that portion of its own decree of allowance not based upon the agreement. * * * Furthermore, according to the general rule, a decree for alimony entered by consent is subject to subsequent modification by the court for the reason that the validity of such allowance depends upon the judicial sanction of the court, and not upon the agreement of the parties."

█ Under the authorities cited, particularly *Kizer v. Bellar,* supra, and other of like import, it is necessary for us to hold that any relief which Mrs. Morrissey may have can be obtained only in the court which granted her a divorce and entered this alimony and support decree. This court has jurisdiction to enforce its decree. Of course, when it appears necessary from various circumstances, this court has the discretion to modify such a decree.

For the reasons herein stated and under the authorities herein cited, the decree of the Chancellor in sustaining the plea in abatement must be affirmed, because the court

of Robertson County which first obtained jurisdiction of the subject matter in the present suit still has jurisdiction, and it follows that in sustaining such plea in abatement the Chancery Court was correct.