**Don Quincy GAREY, Appellant,**

v.

**Nadine Dobson GAREY, Appellee.**

Supreme Court of Tennessee.

May 15, 1972.

Rehearing Denied July 17, 1972.

Richard T. Ely, Memphis, for appellant.

Albert C. Harvey, Memphis, for appellee.

OPINION

CRESON, Justice.

The controversy in the instant case concerns the extent of appellant's obligation

for child support payments under a final decree of divorce entered on January 7, 1971, in the Circuit Court of Shelby County, Division II.

In the course of this opinion the parties will be referred to as they appeared in the trial court; that is, Nadine Dobson Garey, as complainant, and Don Quincy Garey, as defendant.

On January 7, 1971, complainant was granted an absolute divorce from defendant. The parties had previously entered into a property settlement, child support and alimony agreement. The provisions of the agreement were incorporated into the final decree. In reference to child support the final decree provides as follows:

"and that the defendant shall pay to the complainant the sum of TWO HUNDRED ($200) DOLLARS per month child support for the parties' two minor children, and that as each child reaches twenty-one (21) years of age or is otherwise emancipated, then the amount of the child support shall be reduced by one-half and the amount of the alimony for complainant shall be increased by TWENTY–FIVE ($25) DOLLARS, all of which is in accordance with the terms and conditions of said property settlement agreement and that said property settlement agreement be and the same is hereby confirmed, ratified and approved by the Court and incorporated in and made a part of this decree to the same extent as if set out herein verbatim."

On October 26, 1971, complainant filed a petition for scire facias wherein it is charged that in June, 1971, defendant "arbitrarily reduced his child support obligation by the sum of One Hundred ($100) Dollars per month and increased his alimony payments by the sum of Twenty-Five ($25) Dollars per month." Complainant avers that the two children of the parties are under the age of 21; that neither child has been emancipated; that defendant is in arrears in his child support payments in the amount of $75.00 per month, since

June, 1971; that defendant is "an able bodied person" capable of meeting his support obligation and his failure to do so is wilful.

In his answer to the petition defendant admits that the two children of the parties are under the age of 21, but defendant alleges that the daughter born of this union, Carol Ann Garey, "has become emancipated by law by the passage" of Chapter 162 of the Public Acts of 1971 which became effective on May 11, 1971. Defendant denies that he is in arrears in making the child support payments.

The parties stipulated that the allegations set forth in the petition and answer be accepted as true; that Carol Ann Garey was 18 years of age when the final decree of divorce was entered; and that the only controversy between the parties is the extent of defendant's child support obligation under the decree in view of the passage by the Legislature of Chapter 162 of the Public Acts of 1971.

The particular provision of Chapter 162 relied on by defendant is Section 3. It provides:

"Notwithstanding any laws to the contrary, any person who is eighteen (18) years of age or older shall have the same rights, duties and responsibilities as a person who is twenty-one (21) years of age or older."

The trial court entered an order wherein it is stated that defendant is not entitled to a reduction in his child support payments by virtue of the passage of Chapter 162 of the Public Acts of 1971. The trial judge was of the opinion that defendant agreed to support his children until they attained the age of 21 years; that "he did not contemplate . . . a change in the law"; and that defendant is not entitled to rely on such a change to reduce his child support obligation.

From this adverse order defendant seasonably perfected an appeal to this Court. The only issue presented in the instant

case is whether or not defendant was relieved of the obligation of making child support payments for his 18 year old daughter by virtue of the enactment by the Legislature of Chapter 162 of the Public Acts of 1971.

We have thoroughly reviewed the record in the instant case and are of the opinion that the court below was in error in determining that defendant was not entitled to a reduction in his support payments by the passage of Chapter 162 of the Public Acts of 1971.

The final decree is explicit. It provides that defendant has the duty to pay $200.00 per month as child support "until each child reaches twenty-one (21) years *or is otherwise emancipated*". (Emphasis supplied).

It is fundamental that once a child reaches the age of majority there is a complete emancipation of the minor from the protective bonds of parental control. Memphis Steel Const. Co. v. Lister (1917) 138 Tenn. 307, 197 S.W. 902. At the time of complete emancipation the parents' legal duty to support the child is terminated. Wallace v. Cox (1916) 136 Tenn. 69, 188 S.W. 611.

In Section 3 of Chapter 162 of the Public Acts of 1971 the General Assembly has conferred the status of adulthood on persons 18 years of age or older. By lowering the age of majority from 21 to 18 years of age the Legislature has completely emancipated the minor from the control of the parents and relieved the parents of their attendant legal duty to support the child.

We hold that defendant was relieved of his obligation to make child support payments by the passage of Chapter 162 of the Public Acts of 1971.

It results that the order of the trial court is reversed and the case remanded to the Circuit Court of Shelby County for further proceedings not inconsistent with this opinion. Costs of this appeal are taxed to complainant.

DYER, C. J., CHATTIN and Mc-CANLESS, JJ., and JENKINS, Special Justice, concur.

OPINION ON PETITION TO REHEAR

CRESON, Justice.

Complainant has filed a petition to rehear. The petition fails to raise any issue which was not fully considered by this Court in arriving at our original decision. The petition to rehear is denied.

DYER, C. J., CHATTIN and Mc-CANLESS, JJ., and JENKINS, Special Justice, concur.