Forrest Glenn **WHITT**, Appellee-
Complainant,

v.

Juanita Butts **WHITT**, Appellant-
Defendant.

Supreme Court of Tennessee.

Feb. 5, 1973.

Wilbur C. Ruleman, Jr., Memphis, for appellee-complainant.

W. J. Michael Cody, Joe M. Duncan, Memphis, Burch, Porter & Johnson, Memphis, of counsel, for appellant-defendant.

## OPINION

DYER, Chief Justice.

This case presents the issue of the extent of the obligation of Forrest Glenn Whitt, appellee, for child support payments under a final decree of the Circuit Court of Shelby County, entered March 9, 1971, awarding Juanita Butts Whitt, appellant, an absolute divorce.

Prior to the final decree the parties entered into a property settlement agreement, at which time they had two daughters, ages eighteen and sixteen. The older daughter became eighteen in February, 1971. The property settlement pertinent to the issue here reads as follows:

7. As child support, the husband shall pay the monthly sum of $750.00 per month and upon the marriage or majority of one child, the payment will be reduced by fifty per cent and continue at that rate until the marriage or majority of the second child, at which time the child support payments shall cease.

Upon entry of the final decree the court specifically incorporated the above provision therein, making it a part of the decree of the court.

By Chapter 162, Public Acts of 1971, the General Assembly of Tennessee enacted the Legal Responsibility Act of 1971, effective May 11, 1971. After this date, pursuant to this Act, and the decree entered for monthly child support payments, appellee reduced his monthly payments fifty per cent.

On July 26, 1971, appellant filed a petition for writ of scire facias, alleging appellee had arbitrarily and without permission of the court reduced his monthly child support payments fifty per cent. The petition prayed appellee be ordered to appear and show cause why he should not be held in contempt and further be ordered to promptly and timely pay all child support as heretofore ordered by the court:

In answer to the petition appellee alleged as a result of the enactment of the Legal Responsibility Act of 1971, which reduced the age of majority for persons in this state from twenty-one years to eighteen years, then under the terms of the decree for child support the amount of child support was reduced fifty per cent.

The facts were stipulated by the parties.

The trial judge dismissed the petition for writ of scire facias upon a finding the decree for child support entered March 9, 1971 was made in light of the statute empowering a court to provide for children during minority and the power of the state to change such period.

As to Chapter 162, Public Acts of 1971, suffice it to say this statute for all purposes reduces the age a person reaches his or her majority from twenty-one years to eighteen years.

Appellant's position is based upon the fact the parties did by contract agree the child support would be reduced by fifty per cent when one of the children reached his majority. That under a proper construction of the contract the parties intended this to mean when the child reached the age of twenty-one, this being when the child reached his majority at the time the contract was entered into. That this act of the Legislature reducing the age of majority to eighteen would be invalid as applied to this contract, since such would be impairing the obligations of a contract, prohibited by Article 1, Section 20 of the Constitution of Tennessee.

■ We do not agree with this argument. This property settlement agreement, as a matter of public policy, was treated by the court as evidence to which it could look in fixing any property settlement, including the amount to be paid as child support. When the trial judge accepted this agreement of the parties as to the proper amount of support for the children and incorporated it in the decree, the agreement became merged into the decree and lost its contractual nature. Osborne v. Osborne, 29 Tenn.App. 463, 197 S.W.2d 234 (1946); Doty v. Doty, 37 Tenn.App. 120, 260 S.W. 2d 411 (1952); Thomas v. Thomas, 46 Tenn.App. 572, 330 S.W.2d 583 (1959); Morrissey v. Morrissey, 214 Tenn. 112, 377 S.W.2d 944 (1964).

■ The authority of the court to order appellee to make payments in support of his children was by virtue of statutes, to-wit: T.C.A. § 36–820 and § 36–828. These statutes retain the matter within the jurisdiction of the court for any future changes as to child support and the rights of both appellant and appellee as governed by these statutes. Under these statutes the authority of the court to order appellee to make payments for support of his children (it not being alleged either child was mentally or physically incapacitated) was for that period when appellee was required by law to support his children, which is during their minority. By virtue of Chapter 162, Public Acts of 1971, for better or worse, a child is no longer a minor when he reaches the age of eighteen.

In Weinstein v. Heimberg, Davidson Law, opinion of the Court of Appeals released February 25, 1972, certiorari denied by this Court on November 11, 1972, 490 S. W.2d 692, it was held by virtue of Chapter 162, Public Acts of 1971, a father had no legal duty to provide maintenance, support or education for his children after they reached the age of eighteen.

The judgment of the lower court is affirmed.

CHATTIN and McCANLESS, JJ., and WILSON, Special Justice, concur.

HUMPHREYS, J., dissents.

HUMPHREYS, Justice (dissenting).

I recognize that the opinion prepared for the Court by the Chief Justice is based upon acceptable principles of law, but I am obliged to dissent. I dissent, because, in my opinion, the result of the application of these otherwise acceptable principles is the unjust unsettling of family separation and divorce property arrangements arrived at in possible or probable contemplation of the father's obligation to continue the support of his children at least through some of their college years. And that the opinion will relieve the father of this obligation by retroactive application of the eighteen-year old statute, which is wrong.

It cannot be denied that where a husband and wife with children had property or income, or both, which was consistent with their giving them a college education, that property division settlements and in solido divorce awards made prior to the eighteen-year old law inferentially contemplated, to a greater or lesser degree, such collegiate education of the children. In this light, when the property and the custody of the children was awarded to the wife, and the obligation of education by regular payment for child support was charged against the husband, all of this had to be, by necessary inference, taken into account, in the division of the property and the determination of the husband's monthly support obligation.

Now, to say as a matter or law, regardless of the facts of a case, that because of the eighteen-year old adult statute, the father's obligation to make regular support payments in behalf of the education of his children is wiped out, and that there need not be a readjustment with respect to the other property that was involved in the separation, is to do unconstitutional violence to the basis upon which the whole case was earlier settled or decided.

While the eighteen-year old statute brings the child earlier into the responsibilities of adulthood, it should not be applied retroactively so as to undo solemn decrees presumptively entered into on another basis, and so relieve a parent of an obligation to aid in the collegiate education of his children. Since, in all probability his property was divided either by contract or by court on the assumption that he was to bear the cost of his children's education, to undo all this by the retroactive application of a statute, results in injustice. Such a holding removes from the father's side of the scales of justice a weight, his obligation to educate his children, that was taken into consideration when his wife's side of the scales of justice was being brought into balance. Such a retroactive application of the statute is, in my opinion, wrong. So, I respectfully dissent.