**Mae Helen D. JONES (Diamond), Plaintiff-Appellee,**

v.

**R. L. JONES, Jr., Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section.

July 27, 1973.

Certiorari Denied by Supreme Court Jan. 7, 1974.

J. C. Dale, Jr., Nashville, for plaintiff-appellee.

Thomas E. Stewart, Stewart, Black & Ayers, Madison, for defendant-appellant.

## OPINION

PURYEAR, Judge.

This is an appeal from a summary judgment of the Probate Court of Davidson County, Tennessee, which Court had previously granted a divorce dissolving the bonds of matrimony between the plaintiff, Mae Helen D. Jones (now Diamond), and the defendant, R. L. Jones, Jr.

The original decree of divorce was rendered on July 11, 1966, and this decree incorporates therein an agreement entitled "AGREEMENT AS TO CUSTODY OF CHILDREN AND SETTLEMENT OF PROPERTY RIGHTS."

The parties had three children, namely, Roy Lee Jones, born May 28, 1950, Deborah Ann Jones born April 18, 1952, and David Thomas Jones born September 28, 1957.

Contained in the property settlement which was incorporated in the decree of July 11, 1966, are the following provisions for the support of said children:

"(5) FIRST PARTY will pay to SECOND PARTY, for the support, maintenance and education of the children of the parties, for the support and maintenance of SECOND PARTY, for the maintenance, upkeep and replacement of the automobile herein provided, and for the maintenance and upkeep and payment of taxes and insurance on the homeplace, the sum of One Thousand Dollars ($1,000.00) each month. This sum will be paid in two installments of Five Hundred Dollars ($500.00) each, on or before the 5th day and on or before the 20th day of each month, the first such installment will be paid to SECOND PARTY on the first such installment paying date following the entry of the divorce decree in this cause, and consecutively thereafter on each installment paying date as herein provided.

It is the agreement and understanding of the parties that of the One Thousand Dollars ($1,000.00) paid each month by FIRST PARTY to SECOND PARTY, as herein provided, the sum of Two Hundred Dollars ($200.00) represents payment for the maintenance, support and education of each child, and the sum of Fifty Dollars ($50.00) represents the proportionate part of the amount provided for automobile expense and of the amount provided for maintenance, taxes and insurance on the homeplace, attributable to the support of each child. FIRST PARTY will claim the children of the parties as dependents on his income tax return, and will also claim as a deduction the sum of Two Hundred Fifty Dollars ($250.00) per month paid to SECOND PARTY for her support and maintenance.

(6) As each child completes his or her education, or reaches the age of twenty-two years, whichever occurs later, the monthly payments by FIRST PARTY to SECOND PARTY will be reduced by Two Hundred Dollars ($200.00), except that in the case of the youngest child, the amount of such reduction will be One

Hundred Fifty Dollars ($150.00); provided, that if any child leaves the custody of SECOND PARTY, permanently, prior to the expiration of the aforesaid periods or either of them, such reduction will then be applicable. Provided further, however, that if at the end of any such period as herein provided, any child should be disabled or unable to care for himself or herself, and custody of such child should remain with the SECOND PARTY, such payments on behalf of such child will not terminate but will continue so long as such condition exists." (Tech.Rec. pp. 5–6)

The aforesaid decree proceeded to implement the provisions of the agreement of the parties in the following language:

"And said agreement having been reviewed and considered by the Court, and the parties hereto having requested that said agreement be incorporated in and be made a part of the decree of the Court in this cause, it is accordingly so ORDERED, ADJUDGED and DECREED, . . . . ." (Tech.Rec. p. 8)

On September 1, 1972, plaintiff filed a petition in which she alleged that the defendant was in default or arrears to the extent of $900.00 in his payments for child support.

In response to this petition, defendant filed a motion for a summary judgment upon the grounds that one of said children had become 18 years of age on the 18th day of April, 1970, and filed his affidavit in support thereof as follows:

"STATE OF TENNESSEE

COUNTY OF DAVIDSON:

I, R. L. JONES, JR., a resident of Davidson County, Tennessee, being formerly married to Mae Helen D. Jones, after being duly sworn, give the following affidavit:

That to the union of R. L. Jones, Jr. and Mae Helen D. Jones three children were born, namely, Roy Lee Jones, d/o/b, May 28, 1950, who became age 22 on May 28, 1972, completed his college education in the same summer and married in September of 1972; Deborah Ann Jones, d/o/b, April 18, 1952, became 18 on April 18, 1970, and is not going to college at her request. She is presently employed with Adams Specialty Company, Gallatin Road, Nashville, Tennessee; David Thomas Jones, d/o/b, September 28, 1957 and attained age 15 on September 28, 1972.

That further I am up to date on my child support payments on the children under age 18 and the arrearages as calculated in the petition are for amounts allegedly due after the children reached age 18. I stopped this on the advice of my attorney through his interpretation of the applicable statutes and cases decided previously by the Courts.

THIS THE 4th day of October, 1972.

/s/ R. L. Jones, Jr."

(Tech.Rec. p. 23)

Thereupon, the plaintiff filed the following counter-affidavit:

"STATE OF TENNESSEE)
COUNTY OF DAVIDSON)

Comes Mae Helen D. Jones (now Mae Helen Diamond) being first duly sworn and states in response to the Affidavit of R. L. Jones, Jr. that their daughter, Deborah Ann Jones who was eighteen (18) years of age on April 18th, 1970 and who is now employed with Adams Specialty Company, Gallatin Road, Nashville, Tennessee, is presently considering returning to Middle Tennessee State University at Murfreesboro, Tennessee to resume her education in January of 1973, although she has not definitely decided to do so. She has notified her employer that she does not plan to return to work after Christmas, 1972. She now makes her home with Affiant,

who provides her support and maintenance.

This the 25 day of October 1972.

/s/ Mae Helen Diamond

MAE HELEN D. JONES
(now Mae Helen Diamond)."

(Tech.Rec. p. 26)

The trial Judge treated the aforesaid petition filed by plaintiff as a motion for summary judgment and, after consideration of the entire record and argument of counsel, entered a judgment or decree in favor of plaintiff and against defendant for the sum of $900.00 arrearage, $12.65 interest and $250.00 attorney's fee, together with costs.

In said judgment or decree, the trial Court further ordered defendant to continue making payments provided under "said agreement" subject to further orders of the Court.

Plaintiff has filed a single assignment of error as follows:

"The trial court erred in rendering a Summary Judgment for the Plaintiff below and overruling the Defendant's motion for a Summary Judgment by disregarding the present law of relieving parents of their attendant legal duty to support a child after the child obtains the age of majority or age eighteen (18)."

In support of this assignment defendant cites the case of Garey v. Garey (1972), Tenn., 482 S.W.2d 133, wherein the Supreme Court held that when a child became 18 years of age such child was completely emancipated by enactment of Chapter 162, Public Acts of 1971, and the parent's legal duty to support such child also terminated. In that case the Court said:

"On January 7, 1971, complainant was granted an absolute divorce from defendant. The parties had previously entered into a property settlement, child support and alimony agreement. The provisions of the agreement were incorporated into the final decree. In reference to child support the final decree provides as follows:

'and that the defendant shall pay to the complainant the sum of *Two Hundred* ($200) *Dollars* per month child support for the parties' two minor children, and that as each child reaches twenty-one (21) years of age *or is otherwise emancipated,* then the amount of the child support shall be reduced by one-half and the amount of the alimony for complainant shall be increased by TWENTY-FIVE ($25) DOLLARS, all of which is in accordance with the terms and conditions of said property settlement agreement and that said property settlement agreement be and the same is hereby confirmed, ratified and approved by the Court and incorporated in and made a part of this decree to the same extent as if set out herein verbatim.' " (emphasis supplied)

\*     \*     \*     \*     \*     \*

"The final decree is explicit. It provides that defendant has the duty to pay $200.00 per month as child support 'until each child reaches twenty-one (21) years *or is otherwise emancipated.*'

It is fundamental that once a child reaches the age of majority there is a complete emancipation of the minor from the protective bonds of parental control. Memphis Steel Const. Co. v. Lister (1917) 138 Tenn. 307, 197 S.W. 902. At the time of complete emancipation the parents' legal duty to support the child is terminated. Wallace v. Cox (1916) 136 Tenn. 69, 188 S.W. 611.

In Section 3 of Chapter 162 of the Public Acts of 1971 the General Assembly has conferred the status of adulthood on persons 18 years of age or older. By lowering the age of majority from 21 to 18 years of age the Legislature has completely emancipated the minor from the control of the parents and relieved the parents of their attendant legal duty to support the child." (Supra, 482 S.W.2d pp. 134–135)

From the above quotation it is obvious that the Court placed emphasis on the language "or is otherwise emancipated" appearing in the decree, but no such language or any that is similar thereto appears in the support agreement or decree in the instant case.

Therefore, we hold that Garey v. Garey, supra, is not controlling.

Although not cited by defendant's counsel, we have not overlooked the Supreme Court's opinion (from which Justice Humphreys dissented) in Whitt v. Whitt (1973), Tenn., 490 S.W.2d 159, where an effort was made by Mrs. Juanita Butts Whitt, former wife of Forrest Glenn Whitt, to compel the latter to continue financial support of his daughter who had become 18 years of age after the divorce was granted.

In that case the property settlement and support agreement had been made a part of the decree of divorce and that portion of the agreement pertinent to the issue was as follows:

"As child support, the husband shall pay the monthly sum of $750.00 per month and upon the marriage or *majority* of one child, the payment will be reduced by fifty per cent and continue at the rate until the marrige or *majority* of the second child, at which time the child support payments shall cease." (emphasis supplied) (Supra, 490 S.W.2d p. 159)

The Supreme Court held that Mr. Whitt was no longer required to support the daughter who had become 18 years of age and said:

"This property settlement agreement, as a matter of public policy, was treated by the court as evidence to which it could look in fixing any property settlement, including the amount to be paid as child support. When the trial judge accepted this agreement of the parties as to the proper amount of support for the children and incorporated it in the decree, the agreement became merged into the decree and lost its contractual nature. Osborne v. Osborne, 29 Tenn.App. 463, 197 S.W.2d 234 (1946); Doty v. Doty, 37 Tenn.App. 120, 260 S.W.2d 411 (1952); Thomas v. Thomas, 46 Tenn. App. 572, 330 S.W.2d 583 (1959); Morrissey v. Morrissey, 214 Tenn. 112, 377 S.W.2d 944 (1964).

The authority of the court to order appellee to make payments in support of his children was by virtue of statutes, to-wit: T.C.A. § 36–820 and § 36–828. These statutes retain the matter within the jurisdiction of the court for any future changes as to child support and the rights of both appellant and appellee as governed by these statutes. Under these statutes the authority of the court to order appellee to make payments for support of his children (it not being alleged either child was mentally or physically incapacitated) was for that period when appellee was required by law to support his children, which is during their minority. By virtue of Chapter 162, Public Acts of 1971, for better or worse, a child is no longer a minor when he reaches the age of eighteen." (Supra, 490 S.W. 2d p. 160)

Apparently, the Court's disposition of that case depended upon the language of the agreement, which was merged into the decree, and provided only for support of such child until she married or reached majority, whenever that should occur, for this language could not be construed any other way.

Therefore, we believe that the above quoted language of the opinion was dicta because it was not necessary to a disposition of the issues raised on that appeal.

In the instant case, however, the language of the agreement conclusively shows that it was the intention of both parties for the defendant to support each of his children beyond attainment of majority subject to the contingency that if such child should permanently leave custody of plaintiff the duty of support would be terminated.

Of course, on the date of said agreement and date of the decree of divorce the age of majority was twenty-one, whereas, the agreement provides for support of each child until age twenty-two, subject to the contingency above mentioned, and perhaps, even beyond the age of twenty-two if additional time is required to complete his or her college education.

For this reason, we do not think Whitt v. Whitt, supra, controls the instant case.

The opinion of this Court in Weinstein v. Heimberg (1972), Tenn.App., 490 S.W. 2d 692, is to the same effect as Garey v. Garey, supra, but in that case the decree of the Court requiring the divorced husband to support his children did not require him to support them until they reached any specified age, so this Court held that Chapter 162, Public Acts of 1971, reducing the age of majority from twenty-one to eighteen had the effect of terminating the parental obligation to support a child when the child reached the age of eighteen, in the absence of a showing that said child was incapacitated or incompetent, mentally or physically, so Weinstein is not controlling in the instant case.

We find no Tennessee case precisely in point here and none have been cited. However, counsel for plaintiff has cited two cases from other jurisdictions which lend support to the general proposition that a parent can contract and bind himself to support a child past majority, and such a contract is just as binding and enforceable as any other contract.

In Shoaf v. Shoaf, 14 N.C.App. 231, 188 S.E.2d 19 (1972), the Court held that contracts between parents providing for support and educational expenses of their children over and above their obligation to do so are binding and must be construed as any other contract.

In Kamper v. Waldon, 17 Cal.2d 718, 112 P.2d 1 (1941) the Court held that upon sufficient consideration a parent may agree to be bound to do more for his children than the statute requires, so long as the additional obligation is not contrary to nor inconsistent with the statutory provisions and that the husband's promise to pay for children's support until the youngest child should reach the age of twenty-one was sufficient, and such promise was enforceable, notwithstanding marriage of the youngest child at age seventeen.

In the instant case, it is noteworthy that the plaintiff is not seeking to enforce the defendant's obligation of support by attachment for contempt or other extraordinary process but only seeks a judgment or decree for a specified sum of money, together with interest, attorney's fee and court costs, and this was the only relief granted by the trial Court.

This cause of action arises out of an obligation assumed by the defendant and which is not sought to be enforced by invoking extraordinary powers of the Court, such as are frequently invoked in cases involving alimony and child support, therefore, the reasoning of the Court of Appeals of North Carolina in Shoaf v. Shoaf and of the Supreme Court of California in Kamper v. Waldon, both supra, is persuasive and we are inclined to follow it.

Counsel for defendant further argues that since Deborah Ann has been emancipated by attaining the age of eighteen, the defendant cannot be required to support her, because she has, by operation of law, left the custody of plaintiff permanently. The agreement and the decree do provide that if any child "leaves" the custody of plaintiff "permanently", the obligation to pay the plaintiff for support of such child shall terminate.

However, plaintiff's affidavit shows that Deborah Ann is still living in plaintiff's home and is being supported by her.

We are of the opinion that the word "custody", when used in this context, implies the furnishing of a home and other support for such child and, furthermore, we do not know of any reason why a

twenty year old daughter may not voluntarily submit to the custodial care of her mother so long as she is living in her mother's home.

There is nothing in the record to compel the conclusion that Deborah Ann has left the *custody* of her mother *permanently*.

The assignment of error is respectfully overruled, the judgment or decree of the trial Court is affirmed and the case is remanded to that Court for further proceedings consistent with this opinion. The defendant will pay the costs of this appeal.

SHRIVER, P. J., and TODD, J., concur.