## IN THE COURT OF APPEALS OF IOWA

No. 20-0621
Filed January 21, 2021

**IN RE THE MARRIAGE OF MICHAEL LAWRENCE TRUE
AND WENDY SUE TRUE**

**Upon the Petition of
MICHAEL LAWRENCE TRUE,**
    Petitioner-Appellant,

**And Concerning
WENDY SUE TRUE, n/k/a WENDY SUE ROBINSON KOCH,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Muscatine County, Thomas G. Reidel, Judge.

Michael True appeals from the court's ruling that he may be responsible for his children's postsecondary education expenses. **REVERSED.**

M. Leanne Tyler of Tyler & Associates, PC, Bettendorf, for appellant.

Robert DeKock of DeKock Law Office, P.C., Muscatine, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**BOWER, Chief Judge.**

Despite a rather convoluted procedural history—which began with dueling applications to show cause for failing to abide by various provisions of a 2007 Tennessee dissolution decree and a petition to modify custody filed by Michael True—the sole issue on appeal is whether the district court had jurisdiction or authority to rule "Iowa Code section 598.21F [(2018)] is applicable to these parties."[1]  Concluding Iowa courts do not have the authority to grant relief that is contrary to Tennessee law, we reverse on the sole issue before us.

Wendy True, now known as Wendy Robinson Koch, was granted a divorce from Michael True by a Tennessee court on October 2, 2007.  Under the decree, Wendy was granted physical custody of the parties' two children and Michael was to have supervised visitation.  Michael was ordered to pay alimony, child support, and one-half of a student loan Wendy had taken out during the marriage.

On September 3, 2008, an Agreed Modification Order was entered in Tennessee, providing Michael with unsupervised visitation with the children on alternating weekends from Friday at 6:00 p.m. until Sunday at 6:00 p.m.; phone calls with the children twice per week; and holiday, and spring and summer visitation.  Michael's child support obligation was modified downward.

On July 31, 2018, Wendy registered the Tennessee decree in Iowa and sought the assistance of the Iowa court in enforcing the provisions of the decree.

---

[1] Iowa Code section 598.21F allows the court to order a postsecondary-education subsidy payable for a child pursuing a higher education if good cause is found. Neither child of the former couple is currently eligible for postsecondary education. The trial court's ruling on this issue was limited to the ability to modify the foreign decree to consider postsecondary education in the future.

Michael appeared in the Iowa case and also filed an application for rule to show cause, and later filed a petition for modification of custody. At the time of trial, Michael amended his modification action to request joint physical care, and Wendy filed a counter-claim seeking a determination that Michael may be responsible for a postsecondary educational subsidy.

After the trial, the district court found both parties in contempt of the provisions of the decree, rejected Michael's request for a modification of custody, and concluded that, because Michael had availed himself of the jurisdiction of Iowa courts, the prior decree could be modified to include a postsecondary education subsidy award in the future if an adequate showing was made.

Michael appeals, contending the Iowa district court was required to give full faith and credit to the Tennessee decree, and, because Tennessee law does not allow for postsecondary education support, the Iowa court has no jurisdiction or authority to modify the decree to permit such an award.[2]

This court considered a similar question in *In re Marriage of White*, No. 10-0437, 2011 WL 227624 (Iowa Ct. App. Jan. 20, 2011). There, the former wife asked the Iowa court to modify an Alaska dissolution decree to order the former husband to pay postsecondary education subsidies for their two adult sons. *White*, 2011 WL 227624, at *1. Alaska had no statutory provision for a postsecondary education subsidy. *Id.* at *2. We explored Alaska case law and concluded:

> [B]ecause the Alaskan decree here was silent on the issue of a college subsidy, the issue of a college subsidy as a result of this

---

[2] Iowa Code section 252K.611 grants "a tribunal of this state" jurisdiction to "modify a child support order issued in another state" if certain requirements are met.

divorce could not be raised in subsequent modification proceedings. Giving full faith and credit to the Alaskan decree, we conclude the Iowa court should not have established an educational subsidy.

*Id.* at *3.

In Tennessee, statutorily "a parent is obligated to provide support for children only until they turn eighteen years old or graduate from high school, whichever occurs later." *Corder v. Corder*, 231 S.W.3d 346, 356 (Tenn. Ct. App. 2006); *see also Blackburn v. Blackburn*, 526 S.W.2d 463, 466 (Tenn. 1975) (finding under earlier law that "[t]he authority of the chancellor to order appellant to make child support payments is statutory and generally exists only during minority"). This is based on Tennessee Code Annotated section 34–1–102 (2007), which states:

> (a) Parents are the joint natural guardians of their minor children, and are equally and jointly charged with their care, nurture, welfare, education and support and also with the care, management and expenditure of their estates.
> . . . .
> (b) Parents shall continue to be responsible for the support of each child for whom they are responsible after the child reaches eighteen (18) years of age if the child is in high school. The duty of support shall continue until the child graduates from high school or the class of which the child is a member when the child attains eighteen (18) years of age graduates, whichever occurs first.

"Thus, in Tennessee, a parent has no legal obligation to pay for the college education of a child who has reached the age of majority, except when the parent contractually assumes such a duty." *Corder*, 231 S.W.3d at 356. The court's authority to require a parent to pay child support ends when the child either reaches his or her eighteenth birthday or graduates from high school. *See id.* at 357 (concluding that lower court's order that the father was to produce documents for the benefit of the children's college education "must be deemed a 'support'

obligation, and the trial court was without authority to impose such a requirement . . . past the children's minority . . . [because any] order reaching beyond the age of minority constitutes an invalid exercise of jurisdiction and is unenforceable").

Here, under the Tennessee decree, Michael's obligation to pay child support ceases when the children turn eighteen or graduate from high school, whichever occurs later. The parties did not enter into an agreement that Michael pay support beyond the statutory timelines. *Cf. Kesser v. Kesser*, 201 S.W.3d 636, 642 (Tenn. 2006) ("An agreement between parties 'with respect to,' 'dealing with,' or within 'the scope of' the legal duty to support their children during minority 'loses its contractual nature' when merged into a divorce decree. Because the provision merges into the decree, the child support obligation is subject to modification by the trial court. If the parties agree to extend child support beyond the child's minority, however, that portion of the agreement is not merged into the final decree of divorce, retains its contractual nature, and is subject to the general rules of contract interpretation." (citations omitted)). Consequently, the Iowa court was without authority to require an obligation which the decretal court could not impose. *See* Iowa Code § 252K.611(3) ("A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state, including the duration of the obligation of support."). We therefore reverse the district court's ruling that the Tennessee decree could be modified with respect to possible postsecondary education subsidies.

**REVERSED.**