Mark D. RUTHERFORD,
Plaintiff–Appellee,

v.

Lavanda Raye RUTHERFORD,
Defendant–Appellant.

Court of Appeals of Tennessee,
Eastern Section.

Nov. 26, 1997.

Rehearing Denied Jan. 14, 1998.

Permission to Appeal Denied by
Supreme Court June 29, 1998.

Sherry B. Paty, Paty, Rymer & Ulin, P.C., Chattanooga, for Plaintiff–Appellee.

John C. Cavett, Jr., Cavett & Abbott, PLLC, Chattanooga, for Defendant–Appellant.

### OPINION

FRANKS, Judge.

This is an appeal by the mother from the Trial Court's judgment changing custody of the parties' minor child from the mother to the father.

The parties were divorced on January 9, 1995 and the Court approved the parties' marital dissolution agreement which vested sole custody of the parties' then four year old child in the mother. On October 9, 1996, the father filed his "complaint to modify" asserting that circumstances had materially changed, and that it was in the best interest of the child that custody of the child be changed to him. The Trial Judge heard numerous witnesses at trial, and on February 19, 1997, entered an order changing custody of the child to the father.

On appeal, the mother raises the following issues:

   1.  Did the Court err in excluding from evidence all facts relating to the fitness

of the father, which occurred prior to the divorce?

2. Was the evidence sufficient to support the Trial Judge's order of a change of custody?

▮▮▮ As to the first issue on the exclusion of evidence, the mother neither stated for the record a summary of what that evidence would entail, nor did she make a tender of proof of such evidence. It is well settled in the absence of a statement of the substance of the evidence or an offer of proof, the issue as to the propriety of the exclusion of evidence is not reviewable on appeal. *See Rules of Evidence*, Rule 103(a)(2). The better practice is an offer of proof. *See Farmers–Peoples Bank v. Clemmer*, 519 S.W.2d 801, 804 (Tenn.1975).

On the issue as to the sufficiency of the evidence, we vacate and remand as hereinafter explained.

▮▮▮ At the conclusion of the evidentiary hearing, the Trial Judge took the then six year old child into his chambers and interviewed her in the absence of the attorneys and the court reporter. The issue of the propriety of this proceeding is not explicitly raised by the appellant on appeal, but we consider this issue pursuant to Rule 13(b) T.R.A.P.

At the conclusion of the proof and after arguments by the parties' attorneys, the Trial Judge announced that he would take the issue under submission and observed:

> I will be very frank with you. I see a lot of things on both sides that I don't approve of and I don't like.

Later when he made his findings of fact and ordered a change in custody, he referred to the interview with the child as follows:

> The Court also interviewed Tamra Nicole Rutherford, age 6, who is a pleasant child that appears to be in good health.

A recently enacted statute relative to interviews of children in custody cases provides in pertinent part:

> **T.C.A. 36–6–106. Child custody.**—In a suit . . . in . . . [a] proceeding requiring the court to make a custody determination regarding a minor child, such determination

shall be made upon the basis of the best interest of the child. The court shall consider all relevant factors including the following where applicable:

> . . .

> (7) The reasonable preference of the child if twelve (12) years of age or older. The court may hear the preference of a younger child upon request. The preferences of older children should normally be given greater weight than those of younger children.

▮▮▮ The record does not indicate that the parties requested the Judge to interview the child, and the interview, as conducted, constitutes reversible error. The evidence was sharply disputed, and from the Judge's remarks he concluded this custody issue was difficult to resolve. We are required to review his findings with a presumption of correctness, unless the evidence preponderates against his findings. T.R.A.P. Rule 13(d). We simply cannot evaluate the Trial Judge's private interview with the child, i.e., whether the Trial Judge, in weighing the evidence, allowed the interview with the child to be a factor that determined the outcome in this case.

We observed in *Gaskill v. Gaskill*, 936 S.W.2d 626 (Tenn.App.1996):

> Custody and visitation determinations often hinge on subtle factors, . . . . Appellate Courts are reluctant to second-guess a trial court's decision. Trial courts must be able to exercise broad discretion in these matters, but they still must base their decisions on proof, and upon the appropriate qualifications of the applicable principles of law. (Citations omitted).

We reemphasize the foregoing, in that the Trial Judge must base her decisions upon the proof, but in discharging our duties as appellate judges, we must be able to review all of the proof heard and considered by the Trial Judge.

▮▮▮ The Trial Judge has discretion to interview children apart from the courtroom setting if he considers it is in the best interest of the child. However, if he elects to follow this procedure, he must examine the child "in the presence of attorneys for each

side and in the presence of the court reporter". *Newburger v. Newburger,* 10 Tenn.App. 555, 566 (1930), and in order to have a complete record on appeal, a transcript of such evidence must be filed.

For the foregoing reasons, we vacate the judgment of the Trial Court and remand for a new trial on the issue of custody. The cost of this appeal will be borne one-half by each party.

McMURRAY and SUSANO, JJ., concur.

### *OPINION ON PETITION TO REHEAR*

Appellee, in his petition for rehearing, calls our attention to the fact that the child was interviewed in the Court's chambers with counsel and the court reporter present. He also recites the Judge's comment subsequently that "I would also ask that sometime during the morning we would let someone bring Nicki back down ... I will talk with her for a few minutes in chambers, and if the attorneys want to talk with her, then they may do so." (Emphasis supplied). Appellee asserts: "There was never any objection made to the Trial Judge talking to the minor child in chambers" and concludes by asserting "for this interview to constitute reversible error ... [the attorney] for appellant should have objected at the appropriate time before the Trial Judge spoke with the child in chambers." While we agree that counsel should have objected, failure to object does not insulate the Trial Court from committing reversible error, which we held was to interview the child without making a record of the interview for purposes of review on appeal in the absence of the attorneys.

Accordingly, we deny the petition to reconsider and remand to the Trial Court to proceed in accordance with the opinion filed in this case.

McMURRAY and SUSANO, JJ., concur.