# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### MARCH 2000 Session

## B & H INVESTMENTS, INC. v. JAMES W. BROOKS

### Direct Appeal from the Chancery Court for Madison County
### No. 54697; The Honorable Joe C. Morris, Chancellor

---

### No. W1999-01252-COA-R3-CV

---

This appeal arises from a dispute regarding whether Plaintiff B& H was entitled to a deficiency judgment following a foreclosure sale of Defendants' property. Despite Defendant Brooks' counter-claim of fraud in the sale, the court found that Plaintiff was entitled to a deficiency judgment. Defendant Brooks' motion for new trial or for an amendment of the findings of fact was denied. Brooks appeals this denial.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Remanded in Part

ALAN E. HIGHERS, J., delivered the opinion of the court, in which FARMER, J., and LILLARD, J., joined.

James Brook, Brownsville, *pro se*

Jesse H. Ford, III, Jackson, for Appellee

## OPINION

### Facts and Procedural History

In January 1997, Defendant Delk ("Delk") signed a note in favor of B&H. The note was for approximately twenty thousand dollars; the money was used to purchase property from Brooks. At B&H's request, Brooks signed a guaranty to secure the note. At some point over the next year, Delk defaulted on the note. Pursuant to a contractual power of sale, B&H held a foreclosure sale on the property. Brooks did not receive notice of the sale. At the foreclosure sale, B&H purchased the property for six thousand dollars.[1]

---

[1] According to Brooks, B&H subsequently resold the property for eighteen thousand dollars.

Following the sale, B&H filed an action in the Madison County Chancery Court seeking a deficiency judgment for approximately seventeen thousand dollars. Both Delk[2] and Brooks were named defendants in this action. A preliminary hearing on the matter was held on July 20, 1998. At this hearing, a witness for B&H testified about the existence of the note and the deficiency. At this point, Brooks filed a counterclaim against B&H, alleging the foreclosure sale was fraudulent and the guaranty was not constitutional.

Trial on both the original complaint and the counter-claim was held on January 29, 1999.[3] The Chancellor entered his findings on February 3, holding that Brooks was liable for the amount of the deficiency judgment as guarantor of the note. In addition, Brooks' counterclaim was dismissed because Brooks failed to put on proof of B&H's alleged fraudulent conduct. Thereafter, Brooks filed a Motion for New Trial or in the alternative an Amendment to the Findings of the Court. Brooks' motion claimed that B&H acted fraudulently in purchasing the property for six thousand dollars, well below its actual value. Brooks also asserted that he was not allowed to call witnesses or cross-examine B&H's witnesses. In addition, Brooks claimed that he was not allowed to present evidence regarding the constitutionality of the note and guaranty.

A final order incorporating the court's findings was entered on March 12, 1999. The trial court also denied Brooks' motion. Brooks appeals.

On appeal, Brooks asserts that B&H was not entitled to a deficiency judgment because the foreclosure sale was held without proper notice and the property was sold for an amount well below the market value. In addition, Brooks claims that the trial court abused its discretion in failing to grant Brooks' motion for new trial.

B&H asserts that Brooks' appeal is a frivolous pursuant to Tenn. Code. Ann. § 27-1-122 and requests damages.

**Analysis**

As a preliminary matter, we find it necessary to address Brooks' claim that he was not allowed to present testimony or cross-examine B&H's witness. Unfortunately for Brooks, there is no transcript in the record, only a Statement of the Evidence. The Statement of Evidence does not make reference either to Brooks' attempt to present new evidence or to cross-examine. In addition, Brooks did not make an offer of proof that would preserve either the existence or the content of any excluded evidence. Without either a statement of the substance of the evidence or an offer of proof, the issue as to the propriety of the excluded evidence is not reviewable on appeal. Rule 103(a)(2)

---

[2]A default judgment for the amount of the deficiency judgment was entered against Delk on March 31, 1999. He is not a party to this appeal.

[3]Apparently, no transcript of the trial proceedings is available. Instead, this Court was provided with a Statement of Evidence pursuant to Rule 24 of the Tennessee Rules of Appellate Procedure. See Rule 24(c) TENN. R. APP. P.

T.R.E.; <u>Rutherford v. Rutherford</u>, 971 S.W.2d 955, at 956 (Tenn. Ct. App. 1997) citing <u>Farmers-Peoples Bank v. Clemmer</u>, 519 S.W.2d 801, at 804 (Tenn.1975). Accordingly, Brooks cannot prevail on this issue. We now turn to the remaining issues on appeal.

## A. The Foreclosure Sale

Brooks asserts B&H acted fraudulently in carrying out the foreclosure sale. Brooks claims that he was entitled to notice of the sale which he did not receive. In addition, Brooks claims that B&H acted improperly in purchasing the property for an amount well below the market value. Based upon the following, we find that B&H did not act improperly or fraudulently in carrying out the foreclosure sale.

Brooks relies on his failure to receive notice of the sale and the low selling price to prove B&H's fraudulent intent. However, pursuant to the guarantor agreement, Brooks expressly waived any right to notice.[4] Brooks failed to present any other evidence indicating the foreclosure sale was illegal or improper. While ideally, property should bring its fair market value at a foreclosure sale, the mere inadequacy of proceeds obtained as a result of a foreclosure sale will not invalidate the sale. "If a foreclosure sale is legally held, conducted and consummated, there must be some evidence of irregularity, misconduct, fraud, or unfairness on the part of the trustee or the mortgagee that caused or contributed to an inadequate price, for a court of equity to set aside the sale." <u>Holt v. Citizens Central Bank</u>, 688 S.W.2d 414, at 416 (Tenn. 1984).

When the proceeds of the foreclosure sale equal or exceed the debt and related costs, the proceeds extinguish the mortgage debt. Accordingly, a mortgagee who bids in the full amount of the debt at the foreclosure sale accepts the property itself in full payment of the underlying debt, while a mortgagee who bids in less than the full amount of the debt retains its status as a creditor with regard to the deficiency. <u>First Inv. Co. v. Allstate Ins. Co.</u>, 917 S.W.2d 229, at 231 (Tenn. Ct. App. 1994). In this case, B&H retained its status as creditor for the amount not covered by the foreclosure sale proceedings.

## B. Amount of the Deficiency Judgment

In the alternative, Brooks requests a reduction in the amount of the deficiency judgment to prevent a windfall to B&H. Brooks bases this claim on his allegation that B&H subsequently resold the property for eighteen thousand dollars and that the award of a deficiency judgment for more than

---

[4] The guaranty agreement signed by Brooks provides: "The liability of the Undersigned shall not be affected or impaired by any of the following acts or things (which Lender is expressly authorized to do, omit or suffer from time to time, both before and after revocation of this guaranty, *without notice to or approval by* the Undersigned):...(vii) any foreclosure or enforcement of any collateral security..."

sixteen thousand dollars would in effect allow a double recovery to B&H. Brooks asserts that the resale of the property reduces the amount of any deficiency recoverable by B&H. After a review of the record, we find that this issue cannot be disposed of without further proceedings in the court below.

It is a well-recognized principle that a creditor's right to a deficiency is a matter of legal right upon the contract freely entered into by the parties. The creditor will be allowed to recoup a deficiency unless there is bad faith or fraud in connection with the foreclosure. McDill Columbus Corp. v. Lakes Corp., No. 03A01-9112CV00445, 1992 WL 115576, at *1 (Tenn. Ct. App. July 1, 1992) citing Brown v. P'Pool, 166 S.W.2d 633, 635 (Tenn. 1942). However, the court disfavors deficiency judgments when the party has been made whole, and seeks a windfall. Union Joint Stock Land Bank of Louisville v. Knox County, 97 S.W.2d 842, at 846 (Tenn. Ct. App. 1936)

As previously noted, this Court was provided with only a Statement of the Evidence, not a full transcript of the proceedings below. As such, our review is limited to what appears in the technical record and the Statement of Evidence. In this case, the Statement of Evidence mentions Brooks' allegation, it does not state whether or not the property was actually resold. The technical record does, however, contain B&H's unsigned response to Brooks' request for admissions. This response indicates that the property was resold for eighteen thousand dollars. However, pursuant to Rule 26.07 of the Tennessee Rules of Civil Procedure, an unsigned admission is stricken.[5]

Based on the foregoing, we find that there is an issue of fact as to whether or not the property was actually resold and if so, for what amount. Accordingly, this issue is remanded to the trial court for a determination of this fact.

## C. Frivolous Appeal

---

[5]Rule 26.07 of TENN. R. CIV. P. provides in relevant part: Every request for discovery or response or objection thereto made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the request, response, or objection and state the party's address. The signature of the attorney or party constitutes a certification that the attorney or party has read the request, response, or objection, and that to the best of that person's knowledge, information and belief formed after a reasonable inquiry it is: (1) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and, (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation. *If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response or objection and a party shall not be obligated to take any action with respect to it until it is signed.* (emphasis added).

When an appeal has no basis in law or fact it is considered frivolous. See Industrial Dev. Bd. of City of Tullahoma v. Hancock, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Accordingly, Appellees "should not have to bear the expense and vexation" of a frivolous appeal. Davis v. Gulf Ins. Group, 546 S.W.2d 583, 586 (Tenn. 1977); Tenn. Code Ann. § 27-1-222.[6] Based on the standard above, B&H asserts that Brooks' appeal is frivolous and devoid of merit and requests damages and attorneys' fees incurred on appeal. Since we find that Brooks' appeal is not frivolous, we hereby deny B&H's requests.

## Conclusion

For the foregoing reasons, the decision of the trial court is hereby affirmed in part and remanded in part. Costs of appeal are taxed one-half to Appellant, James W. Brooks, and one-half to Appellee, B&H Investments, Inc., for which execution may issue, if necessary.

_____
ALAN E. HIGHERS, JUDGE

---

[6] Tenn. Code Ann. § 27-1-122 provides: "When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal."