**IN THE COURT OF APPEALS OF TENNESSEE**
**AT KNOXVILLE**

**FILED**

**January 27, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

E1998-00664-COA-R3-CV

| | |
|---|---|
| TOMMY LEE WHITE, | ) C/A NO. 03A01-9812-CV-00412 |
| | ) |
| Appellee, | ) SEVIER CIRCUIT |
| | ) |
| vs. | ) HON. BEN W. HOOPER, II, |
| | ) JUDGE |
| CAROLDENE WHITE, | ) |
| | ) AFFIRMED IN PART, VACATED |
| Appellant. | ) IN PART, AND REMANDED |

JAMES L. GASS, OGLE, GASS & RICHARDSON, Sevierville, for Appellee.

DAVID W. WEBB, Sevierville, for Appellant.

**O P I N I O N**

Franks, J.

In this divorce action, the Trial Judge awarded joint custody of the eight year old son to the parties, and as part of the property division the husband was awarded a $11,500.00 lien on the wife's home, which she had owned at the time of the marriage.

The wife has appealed and raises these issues:

I.    Whether the trial court erred in awarding joint custody to the Parties, for the following reasons:

    1.    The process by which the trial court arrived at the decision to award joint custody to the Parties included an interview with the child, alone in chambers, over the objection of one of the Parties and contrary to law;

    2.    The ruling of the trial court did not comply with the provisions of T.C.A. 36-6-106(2) (3) (8) (10),

II.    Whether the trial court erred in awarding Mr. White an $11,500.00 lien on Ms. White's separate property, for the following reasons:

    1.    The evidence did not support the trial court's findings of fact and conclusions of law that Mr. White made a substantial contribution to Ms. White's home that preserved and appreciated the home's value.

2.	It was error for the court to disregard the Appellant's interest in the Appellee's retirement account in dividing the marital property.

On the issue of joint custody, we vacate the Trial Court's award of joint custody, and remand for a new trial on the issue of custody, because we do not have a complete record of the evidence heard by the Trial Judge.

The record establishes that the Trial Judge interviewed the eight year old child in chambers, over the objection of the mother, and the substance of that interview is not before us through no fault of the appellant.

In the case of *Rutherford v. Rutherford*, 971 S.W.2d 955 (Tenn. Ct. App. 1997), we said:

> We observed in *Gaskill v. Gaskill*, 936 S.W.2d 626 (Tenn. App. 1996):
>
> > Custody and visitation determinations often hinge on subtle factors, . . . . Appellate Courts are reluctant to second-guess a trial court's decision. Trial courts must be able to exercise broad discretion in these matters, but they still must base their decisions on proof, and upon the appropriate qualifications of the applicable principles of law. (Citations omitted).
>
> We reemphasize the foregoing, in that the Trial Judge must base her decisions upon the proof, but in discharging our duties as appellate judges, we must be able to review all of the proof heard and considered by the Trial Judge.
>
> The Trial Judge has discretion to interview children apart from the courtroom setting if he considers it is in the best interest of the child. However, if he elects to follow this procedure, he must examine the child "in the presence of attorneys for each side and in the presence of the court reporter". *Newburger v. Newburger,* 10 Tenn. App. 555, 566 (1930), and in order to have a complete record on appeal, a transcript of such evidence must be filed.

The mother also insists that the property settlement was not equitable.

The Trial Judge's determination comes to us with a presumption of correctness, unless the evidence preponderates against the Trial Court's finding. T.R.A.P. Rule 13(d), and the Trial Court has broad discretion in dividing the marital estate. *Lloyd v. Lloyd*, 860 S.W.2d 409 (Tenn. Ct. App. 1993).

The parties were married in 1985, and the wife owned the marital residence prior to the marriage, which was free of any debt when the parties married. Various loans were obtained against the property during the marriage, and the last loan, in the amount of $5,000.00 in 1995, was for windows in the house, with some of the funds being used to pay off a credit card debt. At the time of trial, the balance of

2

the loan was $3,727.58 which was being paid by the wife. Both parties were in agreement that the marital residence had been improved during the marriage, and had substantially increased in value. The wife testified that her parents had paid for many of the improvements in the approximate amount of $23,000.00. The improvements to the home during the marriage included adding a bathroom, utility room, car port and workroom. The husband testified that he had hung sheet rock, painted and made other improvements and repairs.

The evidence does not preponderate against the Trial Court's finding that the husband had made substantial contributions to improving and preserving the home, and that the increase in value during the marriage was properly classified as marital property. *See* T.C.A. §36-4-121(b)(1)(B).

The Trial Judge determined that the home had a value of $50,000.00 at the time of the marriage, and at the time of the divorce had a value of $100,000.00. In finding that the husband had made a substantial contribution to the improvements, he took into account the $23,000.00 that the parents of the wife had contributed to the improvements, and other improvements paid for by the wife. After allowing for these credits, he found that the marital property interest to be divided between the parties was in the amount of $23,000.00, and divided this equally between the parties by establishing a lien on the property in the amount of $11,500.00. The evidence does not preponderate against his findings of values on this property and the allocation of assets in the division of marital property. T.R.A.P. Rule 13(d).

We affirm the judgment of the Trial Court as to the property division but vacate his Order on custody.

The cause will be remanded to the Trial Court to conduct a new trial on the issue of custody and support of the child.

The cost of the appeal is assessed one-half to each party, and the cause remanded.

_____
Herschel P. Franks, J.

3

CONCUR:


_____
Charles D. Susano, Jr., J.



_____
D. Michael Swiney, J.