IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2001 Session

## DANA ALLANMORE SMITH v. ANGELA CHILDRESS SMITH

**A Direct Appeal from the Chancery Court for Montgomery County**
**No. 95-08-0007     The Honorable Carol Catalano, Chancellor**

-------

**No. M2000-02186-COA-R3-CV - Filed September 11, 2001**

-------

In this post-divorce proceeding, wife filed petition to modify the prior decree as to child support, custody, and visitation. The trial court modified a previous consent order and set husband's child support with an upward deviation from the guidelines. Husband appeals, and both parties present issues for review. We affirm in part, reverse in part, and remand.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY KIRBY LILLARD, J., joined.

Penny Harrington, Nashville, For Appellant, Dana Allanmore Smith

Wende J. Rutherford, Nashville, For Appellee, Angela Childress Smith

### OPINION

Appellant, Dana Allanmore Smith ("Husband"), and Appellee, Angela Childress Smith ("Wife") were married in July of 1990. On July 23, 1996, the trial court entered a Final Judgment of Divorce granting a divorce to the parties based on irreconcilable differences. The judgment incorporated a Marital Dissolution Agreement ("MDA") made between the parties providing for joint custody of the parties' only child, Daniel Allan Smith, born July 26, 1991. Husband was ordered to pay $575.00 per month during the periods of time that the child was in Wife's primary care. Husband was awarded primary physical custody of the child during the summer months, and was to have no child support obligation during that time. Mother, being a full time student, had no child support obligation under the final order.

On October 17, 1997, Wife filed Petition to Modify the Previous Order of the Court asserting that there had been material changes in circumstances since the entry of the Final Judgment of

Divorce and execution of the MDA incorporated therein. Wife asserted that Husband was an active member of the United States Army and had received orders to, and was in the process of relocating to Virginia. Wife contended that Husband's new post was approximately eight hours traveling time from Wife, as opposed to the current distance of four hours traveling time between Fort Campbell, Kentucky, where Husband had been located since the time of the divorce, and Knoxville, Tennessee, where Wife resides. Wife averred that the parties had failed to communicate civilly and effectively and had numerous disputes regarding visitation. Wife disclosed that she had been remarried since the divorce, and despite her status as a full time student, had been able to generate substantial income not contemplated by the parties at the time of the divorce. Based on a material change of circumstances including the change in the location of Husband, Wife requested that the court modify the final judgment to grant her sole custody of the child with reasonable visitation rights for Husband. Wife also requested that the current child support of $575.00 per month for approximately nine months be modified to provide for regular, year-round monthly child support as required by the Tennessee Child Support Guidelines ("child support guidelines") and be calculated based on Husband's increased income. Wife requested that she be entitled to claim the child as a tax deduction on her federal income tax returns commencing with tax year 1997.

Husband answered Wife's petition to modify and filed a "Petition for Contempt and Petition to Change Custody or in the Alternative to Modify Visitation and Other Provisions of the Final Decree of Divorce." He requested that the court award custody to him during the school year and order Wife to pay child support during that time. The parties entered into mediation and offered to the court an "Agreement between Angela Childress and Dana Smith," modifying the terms of child support in the final judgment. The agreement was filed and entered by the court as its order ("agreed order") on July 30, 1998, and reads in pertinent part:

> 1. Effective with the entry of this Order, ANGELA CHILDRESS will assume sole and exclusive custody of the parties' minor child Daniel Allan Smith;
>
> 2. The medical and health sponsorship for the parties' minor child shall be assumed by Petitioner Angela Childress and her husband as soon as possible. In the event this is not possible, Respondent Dana Allanmore Smith shall continue sponsorship. All medical and dental costs above provided by basic military coverage will be the responsibility of Petitioner ANGELA CHILDRESS;
>
> *      *      *
>
> 7. Petitioner ANGELA CHILDRESS shall open a college fund financial account for the parties' minor child, Daniel. The account shall be agreed upon between the parties, with Petitioner ANGELA CHILDRESS serving as custodian of the account. Commencing June 1, 1998, Respondent DANA ALLANMORE SMITH will deposit

Two Hundred Sixty-Five Dollars ($265.00) per month into the account until DANA ALLANMORE SMITH has deposited a total amount of Thirty Five Thousand Dollars ($35,000.00). Commencing August 1, 2000, Petitioner ANGELA CHILDRESS shall deposit Three Hundred Twenty-Five Dollars ($325.00) per month into that account until ANGELA CHILDRESS has deposited a total of Thirty Five Thousand Dollars ($35,000.00). The Seventy Thousand Dollars ($70,000.00) so accumulated will be held for the benefit of the parties' minor child, Daniel, as a college fund. In the event of the death of either parent prior to the fulfillment of their respective obligation to this fund, that parent's estate will be responsible for making the remaining payments to meet their total Thirty Five Thousand Dollar ($35,000.00) obligation. In the event of the minor child's death, the amount accumulated along with prorated appreciation will be returned to each parent. Petitioner ANGELA CHILDRESS will provide Respondent DANA ALLANMORE SMITH with a semi-annual statement of the account balance.

The order further provided for two weeks visitation with Husband during each summer and alternating visitation during Christmas vacation and spring break.

On March 31, 2000, Wife filed Petition for Modification of Child Support and Visitation wherein she averred that the order entered on July 30, 1998, containing modifications of child support was not based on any change or variance in Husband's income, and that the provision which relieved Husband of his obligation to pay current child support was not in compliance with the child support guidelines or any justifiable deviation therefrom. Wife asserted that Husband had not exercised his visitation as set out in the order, and she claimed to have done nothing to interfere with his visitation. Wife requested that the court enter an order requiring Husband to pay current child support pursuant to the child support guidelines and that the court provide for specific visitation by Husband. Wife also requested her attorney's fees and finally that an order be issued requiring Husband to appear and show cause why the relief sought should not be granted. Wife subsequently filed an Amended Petition for Modification of Child Support and Visitation requesting again that Husband be required to pay child support pursuant to the child support guidelines and that the support be retroactive to the date of the filing of the original petition, March 31, 2000. Husband filed an answer requesting that Wife's petition be dismissed. The matter was heard on August l, 2000, and an order was entered August 31, 2000, stating in part:

1.    The parties were divorced by Final Judgement of this Court entered on July 23, 1996.

2. Subsequent to the Final Judgment of Divorce in this cause, the parties entered into a mediated agreement modifying the Final Judgment of Divorce which was accepted and made the Order of the

-3-

Court on July 30, 1998. Said agreement did not adequately provide for the best interests of the child with regard to child support in that the parities did not apply the child support guidelines promulgated by the Tennessee Department of Human Services and further, there is a material change in circumstances since entry of the Order in that the Father has not visited as contemplated by the mediated agreement.

3. Child support should be modified to comply with the child support guidelines promulgated by the Tennessee Department of Human Services. The Father is visiting less than the eighty (80) days contemplated by the guidelines and there should therefore be an upward deviation from the minimum amount of child support required by the guidelines. The Court finds that Father's gross income is $5,775.23 per month. The Court further finds that child support should be set at $861.00 per month beginning August 2000 and that the prior Order of the Court should be modified to require Father to pay all of the costs of transportation for visitation and all medical and dental costs not covered by insurance due to Father's failure to visit.

4. The Court finds that Father should be relieved of his obligation to contribute $265.00 per month into a college fund but that Mother should be bound to her obligation to contribute $325.00 per month to the fund until such time as she has contributed an amount equal to the amount previously deposited by Father. All other provisions regarding this fund should remain in full force and effect.

5. The Court finds that the visitation should not be modified and that the parties should be required to comply with the terms of the mediated n agreement with regard to visitation.

6. The Court finds that for purposes of claiming the income tax deduction, the parties should apply the rules and regulations of the United States Internal Revenue Service to determine which party should receive the right to claim the child as a deduction.

It is therefore **ORDERED, ADJUDGED, AND DECREED** that the prior Order of the Court entered July 30, 1998 shall be and is hereby modified as follows:

1. Paragraph 2 of the prior Order of the Court shall be modified and Father shall be required to pay all medical and dental costs not covered by basic military coverage.

2. Paragraph 3 of the prior Order of the Court shall be modified and the parities shall apply the rules and regulations of the United States Internal Revenue Service to determine which party should receive the right to claim the child as a tax deduction.

3. Paragraph 7 of the prior Order of the Court shall be modified and Father shall be required to pay current child support in the amount of $861.00 plus a lawful commission of 5% for a total of $904.05 per month due and payable on the 5th day of every month beginning August 5, 2000.

*      *      *

Father shall be relieved of his obligation to contribute $265.00 per month to the college fund established by Mother. However, Mother shall be required to continue contributing to the college fund as required by the prior Order of the Court except that her obligation shall be modified such that she shall only be required to contribute an amount equal to the amount already deposited by Father.

4. Paragraph 8 (E) of the prior Order of the Court shall be modified and Father shall be required to pay the total cost of transportation for visitation.

Husband appeals the order of the trial court raising three issues as stated in his brief:

1. Whether the trial court erred in refusing to admit evidence of the circumstances impacting the existing child support order where the deviation from the Tennessee Child Support Guidelines was the product of mediation and had been entered as an order of the court.

2. Whether the trial court erred in ruling that the child support order previously entered by the court containing the mediation agreement was void and unenforceable.

3. [Whether] the trial court erred in refusing to admit evidence concerning problems with visitation and thus shifting the burden of proof then in finding the failure to visit to be a material change in circumstances.

Wife raises an additional six issues on appeal, as stated in her brief:

1. Whether the trial court erred in failing to make an upward deviation from the minimum amount of child support required by the Tennessee Child Support Guidelines sufficient to compensate Mother for the lack of visitation by Father.

2. Whether the trial court erred in relieving Father of his obligation to contribute $265.00 per month to the parties' child's college fund.

3. Whether the trial court erred in refusing to relieve Mother of her obligation to contribute $325.00 per month to the parties' minor child's college fund after relieving Father of his obligation to contribute to the parties' child's college fund.

4. Whether the trial court erred in failing to award child support retroactive to the date of the filing of the original petition for modification of child support and visitation.

5. Whether the trial court erred in refusing to award Mother her reasonable attorney fees at trial.

6. Whether Mother is entitled to her reasonable attorney fees on appeal.

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

We will address Husband's first and second issues together, as both question the trial court's treatment of the July 30, 1998 order incorporating the mediated agreement. Husband asserts that the trial court erred in refusing to admit evidence concerning the circumstances existing in 1998 which caused the parties to enter an agreed order changing custody and child support and including a significant deviation from the child support guidelines. In addition, he asserts that the trial court erred in ruling that the agreed order was void and unenforceable as to child support. Wife asserts that the trial court correctly refused to admit parol evidence of Husband's state of mind and intent at the time of the agreed order. Wife asserts that the court should not go beyond the four corners of the document to discern its intended purpose. Wife asserts that the trial court did not hold that the agreed order was void and unenforceable, but rather held that any agreement that failed to apply or reference the child support guidelines as to a person's responsibility for child support may be found contrary to public policy. Wife contends that the trial court ultimately modified Husband's child support obligation based on a material change of circumstances in that he was not visiting the child as contemplated by the agreed order. Wife further asserts that, to the extent that the agreed order relieved Husband of his obligation to pay child support, it should be found void and unenforceable.

An agreement between parties to a divorce regarding the legal duty of child support over

-6-

which the court continues to have statutory power to modify, loses its contractual nature when merged into a divorce decree. ***Penland v. Penland,*** 521 S.W.2d 222 (Tenn. 1975). The child support provision of an agreement must merge into the decree and lose its contractual nature to allow subsequent modification of child support payments by the trial court when changed circumstances justify such modification. ***Blackburn v. Blackburn,*** 526 S.W.2d 463, 465 (Tenn. 1975). Were it not so, any subsequent modification by a court would be in violation of the constitutional prohibition against the impairment of contractual obligations. ***Id.*** (citing art. I, § 20 of the Tennessee Constitution, ***and Whitt v. Whitt***, 490 S.W.2d 159 (Tenn. 1973)). A court has authority to order the payment of child support by a parent regardless of an agreement by the other parent to the contrary. ***Dement v. Kitts,*** 777 S.W.2d 33, 35 (Tenn. Ct. App. 1989).

In ***Witt v. Witt***, 929 S.W.2d 360 (Tenn. Ct. App. 1996) the Eastern Section of the Court of Appeals held that a provision in the marital dissolution agreement stating that the husband was not the father of a minor child and was relieved of any parental responsibility toward the child was void as against public policy. In so ruling the Court stated:

> We do not find it necessary under the circumstances of this case to address the issue as presented by the appellant. We find and hold that the original provisions of the marital dissolution agreement relating to paternity and child support are void as against the public policy of this state and that the court may, *sua sponte*, set aside a void order or a void agreement incorporated within an order or decree.
>
> Decrees relating to child custody and support are generally viewed as conclusive on the facts in existence at the time the decision was entered. ***See Nichols v. Nichols,*** 792 S.W.2d 713, 715-16 (Tenn.1990). However, the entry of a decree does not necessarily preclude the later consideration of material facts that were not fully developed in the earlier proceeding because of concealment, fraud, duress, or other violations of public policy by one of the parties. ***Rowles v. Reynolds***, 29 Tenn.App. 224, 196 S.W.2d 76, 79 (1946); 4 Family Law Practice (MB) § 52.02(1)(h) (1989). ***See also Faircloth v. Locke***, an unreported opinion of this court (1991). **We are prepared to go one step further and hold that a violation of the public policy of this state by *both* parties justifies the court in voiding the offending parts of the decree, where, on its face, the decree shows a violation of the public policy of this state. An evidentiary hearing, under such circumstances, is not necessary.** No amount of evidence can transform a void order, agreement or decree into one possessing any legal efficacy.
>
> It seems abundantly clear that since time immemorial it has been the public policy of this state that a parent is under a duty to

support his children. Indeed, it has been declared a criminal offense by the legislature for a parent to knowingly fail to support his children. Further evidence of the public policy of the State as established by our legislature may be found in T.C.A.§§ 36-2-101, et seq., (paternity proceedings) and T.C.A. §§ 36-5-101 requiring parents to support their children and by the adoption of the child support guidelines promulgated by the Department of Human Services.

*Witt* 929 S.W.2d at 362 (emphasis added). In making a determination concerning the appropriate amount of child support, a trial court should apply, as a rebuttable presumption, the child support guidelines. ***Adams v. Reed,*** 874 S.W.2d 61, 63 (Tenn. Ct. App. 1993) T.C.A. § 36-5-101(e)(1). To deviate from the presumptive amount, a court must enter:

A written or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case...in order to provide for the best interest of the child or the equity between the parties and the court must show what the child support award would have been without the deviation.

Tenn. Comp.R & Regs. 1240-2-4-.01(2)(3), 1240-2-2-.02(7)(1994); ***see also*** T.C.A. § 36-5-101(e)(1).

Husband agues that the trial court should have investigated why the trial court deviated from the amount of child support provided for in the guidelines by incorporating the mediated agreement in the July 30, 1998 order. In the August 31, 2000 order, the trial court held in part that: "[the] agreement did not adequately provide for the best interests of the child with regard to child support in that the parties did not apply the child support guidelines promulgated by the Tennessee Department of Human Services...." The trial court ordered modification of paragraph 7 of the order, setting out provisions for a college fund and terms by which the parties shall contribute. The trial court required Husband to pay current child support in the amount of $861.00 pursuant to the child support guidelines, plus a commission of 5% to the clerk and master of the court. In finding that the agreed order did not provide for the child's best interest, the trial court implicitly found that the provisions regarding Husband's legal obligation to pay child support were against public policy and therefore void.

The provision having to do with Husband's legal duty to support his child remains under the authority of the court and loses its contractual nature upon incorporation into a court order. Because the previous order did not make reference to the Tennessee Child Support Guidelines and did not follow the mandated method of determining child support, the trial court was correct in finding that the order was against public policy and was therefore void. In agreement with the Eastern Section's ruling in *Witt,* 929 S.W.2d at 363, we believe that the trial court was free to so rule without an evidentiary hearing. Therefore, we find no error in the trial court's abandonment of the provision

dealing with Husband's child support obligations, and no error in having done so without an evidentiary hearing.

In Husband's third issue, he asserts that the trial court erred in refusing to admit evidence concerning problems with visitation, and in finding that the failure to visit was a material change in circumstances. In the August 31, 2000 order, the trial court found that, although the mediated agreement was made an order of the court, it did not adequately provide for the best interest of the child as the parties did not apply the child support guidelines. In addition, the court found that there was a material change in circumstances since the entry of the agreed order in that Husband had not visited as contemplated by the agreement. The trial court held that since Husband was visiting less than the eighty (80) days contemplated by the guidelines, there should be an upward deviation from the minium amount of child support required. On that basis, the trial court set the child support according to the guidelines at $861.00 plus a 5% commission per month to be paid by Husband. The trial court further ordered that Husband would be responsible for all costs of transportation for visitation, and all medical and dental costs, thereby providing an upward deviation from the minimum amount contemplated by the guidelines.

The guidelines state that the court "shall" increase the award if the obligor is not providing health insurance, if the obligor is exercising less than average visitation, if extraordinary medical and educational expenses exist, or if the court finds that equity requires it. Tenn. Comp.R. & Regs. 1240-2-4-.04(1). In addressing the issue of child support where the father had not visited as contemplated by agreement, this Court stated:

> The Guidelines allow an upward deviation where the non-custodial spouse exercises "less than average overnight visitation." The Guidelines state:
>
> These guidelines are designed to apply to situations where children are living primarily with one parent but stay overnight with the other parent *at least as often* as every other weekend from Friday to Sunday, two weeks in the summer and two weeks during holidays throughout the year.... In situations where overnight time is divided more equally between the parents, the courts will have to make a case by case determination as to the appropriate amount of support. (Emphasis added.)
>
> Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.02(6)(7). Similarly, where overnight time is divided *less* equally between the parents, the support award should be adjusted appropriately.
>
> The Guidelines further provide that since the percentage awards in the Guidelines are a minimum the court *shall* increase the child support award for the following reasons:

If the child(ren) is/are not staying overnight with the obligor for the average visitation period of every other weekend from Friday evening to Sunday evening, two weeks during the summer and two weeks during holiday periods throughout the year, then an amount shall be added to the percentage calculated in the above rule to compensate the obligee for the cost of providing care for the child(ren) for the amount of time during the average visitation period that the child(ren) are not with the obligor.

Tenn.Comp.R. & Regs. tit. 10, ch. 1240-2-4-.04(1)(b). Certainly the rationale contained in these provisions is equally applicable where child support payments *below* the Guideline amount have been awarded.

Trial exhibits establish that Husband requested approximately twenty hours of visitation in January of 1994, and approximately forty-five hours of visitation in April 1994. Husband testified that, in the four years since the parties' divorce, Husband kept the children for one or two weekends. He has taken the children on a single, one week vacation during three of the last four years. He has never kept his children for over one week during a single year.

While we recognize that Husband's irregular schedule as a pilot prevents him from exercising some visitation and that, at times, Wife has made it difficult for Husband to see the children, we stress that the best interest of the children is this Court's paramount concern. *See, e.g.* Tenn.Comp.R. & Regs. tit. 10, ch. 1240-2-4-.04(5); *Contreras v. Ward,* 831 S.W.2d 288, 289 (Tenn.App.1991). Whatever the reasons may be that Husband does not see his children for significant periods, the fact remains that the children need to be supported. If the children are constantly in the care of Wife, the amount of child support Wife receives should reflect the true state of affairs. Tenn.Comp.R. & Regs. tit. 10, ch. 1240-2-4-.04(1)(b).

*Dwight v. Dwight*, 936 S.W.2d 945, 949 (Tenn.Ct.App. 1996)

Regarding the upward deviation of child support due to lack of visitation,  Husband argues that the trial court erred in not allowing evidence regarding the circumstances of his visitation, however he failed to make an offer of proof.

Generally, an offer of proof is required to preserve an issue for appeal. In the absence of a statement of the substance of the evidence or an offer of proof, the issue as to the correctness of the

exclusion of evidence is not reviewable on appeal. ***Rutherford v. Rutherford,*** 971 S.W.2d 955, 956 (Tenn. Ct .App. 1997); *see* Tenn. R. Evid. 103(a)(2). Although Husband made no offer of proof to preserve evidence of visitation for review on appeal, we believe that an offer of proof is not needed in this case because the substance of the evidence and reasons for admission were apparent. *See State v. Hall,* 958 S.W.2d 679, 691 n.10 (Tenn. 1997); and Tenn. R. Evid. 103(a)(2). The Husband's previous responses regarding visitation and Wife's claims in her petition reveal the substance of the excluded testimony. In addition, although the trial court stated that evidence as to the impossibility of performance under the provisions of the mediated settlement was immaterial, the record contains testimony from Husband that visitation had been difficult, and that on one occasion Wife refused to pay 50 % of the fee for a change in an airline ticket as agreed. Husband further testified that he missed last summer's visitation due to Wife's refusal to allow the child to visit at any time other than when Husband would be involved in relocation, and that he was uncertain of his living arrangements. Therefore, we believe that we may consider the question as put before us by Husband.

At the August 1, 2000 hearing, Husband testified to have only visited his child for 4 ½ hours in the preceding 18 months. It is apparent that Husband has not exercised visitation as contemplated by either the agreement or the child support guidelines. While we acknowledge that Husband's military career involving relocation may have prevented visitation with his child to some degree, and recognize that there may have been difficulty between the parties in making visitation arrangements, the fact remains that, for what ever reasons, Husband failed to visit the child for a significant period of time, and that the child needs to be supported. If the child is constantly in the care of Wife, the amount of child support that she receives should reflect the same. ***See Dwight,*** 936 S.W.2d at 949. Because the basis of an upward deviation in child support is not the reasonableness of the lack of visitation, but instead aimed at the protection of the best interest of the child, we think that the trial court's exclusion of this testimony was not error.

The guidelines provide that if a child is not staying overnight with the obligor for the average visitation period, every other weekend , two weeks during the summer, and an additional two weeks during holiday periods, "then an amount shall be added to the percentage calculated...to compensate the obligee for the cost of providing care...." It does not appear that the trial court followed these directives in providing for the upward deviation in child support. We therefore vacate the trial court's order as to the amount of child support and as to an upward deviation in the form of Husband's full responsibility for transportation, medical and dental expenses. On remand the trial court shall make a determination as to an upward deviation in child support based on the directive of the guidelines that Wife be compensated for the cost of providing for the care of the child for the amount of time during the average visitation period that the child is not with Husband.

The Wife's first issue addresses whether the trial court erred in modifying the requirement that the parties split the cost of transportation for visitation in lieu of increasing Husband's child support obligation beyond the minimum required child support guidelines. As previously stated, on remand the trial should revisit the issue of an upward deviation and calculate child support according

to the guidelines.  In addition, the trial court should consider the division of visitation expenses in light of the amount of child support determined on remand.

In her second and third issues, Wife addresses the trial court's treatment of the parties' obligations regarding the child's college fund.  Wife contends that the trial court erred in relieving Husband of his obligation to contribute $265.00 per month to the child's college fund, while refusing to relieve her of her obligation to contribute $325.00 per month to the fund.

Paragraph 7 of the agreed order provides for the establishment of a college fund into which Husband is to contribute $265.00 per month until he has deposited a total of $35,000.00 into the account.  The agreed order further provides that commencing August 1, 2000, Wife is to contribute $325.00 per month into the same fund.  Paragraph 11 states that the terms of the agreement supersede paragraphs 2 through 9, 14, 18, and 24 of the MDA incorporated into the parties' Final Judgment of Divorce.  The designated paragraphs  include terms addressing: custody, visitation, visitation schedule, visitation ground rules, medical and academic reports, child support, medical expenses, tax deductions, and college fund.

Only the portions of the agreement between Husband and Wife regarding the legal duty to support a child or alimony, over which the court has continuing statutory authority to modify lose their contractual nature when merged into a decree of divorce.  **Penland,** 521 S.W.2d at 224.   In **Penland,** parties to a divorce had entered into an agreement whereby the husband assumed responsibility for the future educational expenses of the parties' child after high school. **Id.**  at 224. Tennessee Supreme Court stated:

> The authority of the courts to order child support and, if necessary, to enforce same by the process of contempt, is statutory, and generally exists only during minority.... When the husband and wife contract with respect to the legal duty of child support, upon approval of that contract, the agreement of the parties becomes merged into the decree and loses its contractual nature.
>
> *            *            *
>
> It follows, and we so hold, that only that portion of a property settlement agreement between husband and wife dealing with the legal duty of child support, or alimony over which the court has continuing statutory power to modify, loses its contractual nature when merged into a decree for divorce.

**Penland** 521 S.W.2d at 224.  In applying this principle, the Court in **Richardson v. Richardson,** 969 S.W.2d 931, 934 (Tenn. Ct. App. 1997) found that a trial court had the authority to make changes to a trust instrument where funding the trust was part of a father's legal obligation, notwithstanding any language of the trust instrument to the contrary.  However, the Court noted that the provisions

of the trust that were not part of the duty of child support retained their contractual nature. **Id.** at 935. Where a parent contracts to extend his obligation to support his child beyond the age of minority, the agreement will be enforceable as a contractual obligation even after incorporation into a divorce decree. **Blackburn v. Blackburn,** 526 S.W.2d at 465.

According to the principles of the interpretation of contracts, the parties intentions should be ascertained considering the entire contract and giving words their usual, natural and ordinary meaning. **Rainey v. Stansell,** 836 S.W.2d 117, 118-19 (Tenn. Ct. App. 1992). In the absence of fraud or mistake, a contract will be enforced as written despite the fact that it contains terms that later appear harsh or unjust. **Cooper v. Cooper,** No. W1999-01450-COA-R3-CV, 2001 WL 29459 *3 (Tenn. Ct. App. Jan. 10, 2001) (citing **Allstate Ins. Co. v. Wilson,** 856 S.W.2d 706, 708 (Tenn. Ct. App. 1992); T.C.A. § 47-50-112 (1995)). Additionally, courts do not rewrite contracts where a party unwisely agreed to a term therein. **Id.**

In the instant case, the terms of the agreed order state that the terms contained therein supercede those of the final order thereby replacing Husband's duty to provide child support with a duty to contribute $265.00 per month to a college fund. The trial court has determined that Husband's child support obligation should be calculated according to the child support guidelines, a ruling with which we agree. Husband's legal obligation has always remained and continues to remain under the authority of the court to modify in accordance with the law and in keeping with the best interest of the child. However, Wife's obligation under the contract retains its contractual nature, as it does not involve any legal obligation. The trial court's order merely requires that Wife continue monthly payments until "she has contributed an amount equal to the amount previously deposited by Father." We do not believe that the court erred in this ruling, and therefore find its decision with regard to the child's college fund equitable.

Next, Wife asserts that the trial court erred in failing to award child support retroactive to the date of the filing of the original petition for modification of child support and visitation. Wife asserts that the right to support lies in a minor child and cannot be waived. The trial court refused to grant Wife retroactive child support stating that both parties entered into the mediated settlement which did not meet the requirements of the law.

T.C.A. § 36-5-101(a)(5) (Supp. 2000) reads in part:

Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Such judgments shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties. . . .

Courts have broad discretion in determining the amount of retroactive child support awards. *State ex rel. Coleman v. Clay,* 805 S.W.2d 752, 755 (Tenn. 1991). However, the court's discretion in setting the amount of retroactive child support is limited.

> The legislature has provided for retroactive awards by statute and by the incorporation of the Child Support Guidelines promulgated by the Tennessee Department of Human Services, Child Support Services Division. Retroactive child support is available whether the child is a minor or whether the child has reached the age of majority and brings the claim within time permitted by the statute. Tenn. Code Ann. § 36-2-103(b)(1) (repealed in 1997; corresponding section at Tenn. Code Ann. § 36-2-306). Furthermore, courts are required to apply the Child Support Guidelines as a rebuttable presumption in determining support, and the 1994 guidelines explicitly provide "that the rebuttable presumption must be applied to all child support awards *even if the order is being sought for a retroactive period before October 13, 1989.* " Tenn.Comp.R. & Regs. ch. 1240-2-4-.01(2) (emphasis added). This Court has held that the guidelines "carry what amounts to a legislative mandate." *Nash v. Mulle*, 846 S.W.2d 803, 804 (Tenn.1993).

*Berryhill v. Rhodes,* No. W1997-00167-SC-R11-CV, 2000 WL 688789 *4 (Tenn. May 30, 2000). Thus, while the courts continues to have discretion in making awards of child support, that discretion is to be carried out within the strictures of the Child Support Guidelines. *Tallent v. Cates,* E1999-01168-COA-R3-CV, 2000 WL 823466 *4 (Tenn. Ct. App. June 27, 2000)

The trial court's refusal to award retroactive child support was based on the fact that both parties participated in mediation and agreed to the provisions incorporated in the order. We believe that parties' participation in the agreement is not an appropriate consideration in determining if Wife should be awarded retroactive child support. In accordance with T.C.A. § 36-5-101(a)(5) and case law, we reverse the decision of the trial court with regard to retroactive child support. On remand, retroactive child support shall be awarded according to the guidelines March 31, 2000, the date of Wife's filing of the petition to modify child support and visitation. In addition and as a matter of equity, Husband should receive credit against any retroactive child support owed in the amount that he has deposited into the college fund in lieu of child support since the date of the filing of Wife's petition.

The award of attorney's fees is within the sound discretion of the trial court, and unless the evidence preponderates against the award, it will not be disturbed on appeal. *Lyon v. Lyon,* 765 S.W. 2d 759, 763 (Tenn. Ct. App. 1988). From a review of the record, we find that the evidence does not preponderate against the trial court's decision regarding attorney's fees. In addition, we decline to award attorney's fees on appeal.

In sum, we reverse the trial court's order regarding Husband's child support obligations, including his responsibilities for visitation, medical, and dental expenses, and as to the issue of retroactive child support. The case is remanded for such proceedings necessary to determine these issues consistent with this opinion. In all other respects, the trial court's order is affirmed. Costs of the appeal are assessed equally between the Appellant, Dana Allanmore Smith, and his surety, and the Appellee, Angela Childress Smith.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.