MARION MALONE YOUREE

*v.*

THOMAS CALVIN YOUREE, JR.

394 S.W.2d 869.

(*Nashville,* December Term, 1964.)

Opinion filed October 22, 1965.

54

Maclin P. Davis, Jr., Nashville, for appellant.

Louis Farrell, Jr., Nashville, for appellee.

Mʀ. Cʜɪᴇꜰ Jᴜꜱᴛɪᴄᴇ Bᴜʀɴᴇᴛᴛ delivered the opinion of the Court.

■ Appellant secured an uncontested divorce from the appellee, and in this decree she was awarded custody of their two minor children with a certain amount fixed as support for them along with his interest in certain personal property which had been agreed to by the parties and was disclosed to the court. At the time of the divorce the parties owned a certain piece of real estate as tenants by the entirety. Their interest in this real estate was not covered one way or the other in the divorce decree. Thus it was that after the divorce of the parties their interest in this real property inured to them as tenants in common. *Clouse v. Clouse,* 185 Tenn. 666, 673, 207 S.W.2d 576.

This divorce was had in a Law Court of Davidson County from which the present appeal arose. The divorce decree was dated November 1, 1963. In the original bill for divorce it was prayed that property owned by the parties "both real and personal, be evaluated by the Court and divided as the Court may deem just and equitable." As said above no mention of real property though was stated in the decree granting the divorce and custody, etc. On the day, that is November 1, 1963, that the divorce decree went down Mrs. Youree deeded her one-half interest to Mr. Youree. This deed was delivered after the divorce decree and was recorded some four or five days later in the Register's office of Davidson County. Mr. Youree sometime thereafter sold this real estate and kept all the proceeds received therefrom. On April 30, 1964, Mrs. Youree filed a petition in the court, wherein she had been granted the divorce, to increase the support of the infant children to $325.00 per month. This petition was heard on May 13, 1964, and the trial court increased

the amount of support from an allowance of $20.00 per week to $135.00 per month. In the memorandum allowing this increase the trial judge took into consideration the increased salary of Mr. Youree, the $40.54 which was to be paid to him monthly from the real estate, and also the fact that Mrs. Youree was employed and earning $25.00 more a month. He took all these things into consideration in arriving at the increase in the child support payments.

On May 1, 1964, that is subsequent to her filing for an increase for child support, and before this petition was heard, she filed a bill in the Chancery Court of Davidson County against Mr. Youree alleging that they had entered into an agreement that if she would deed her one-half interest in the property in question he would sell it and put her half interest in it in trust for their minor children and that he failed to do so and refused to allow her anything therefrom. She then sought a decree for her half interest stating in the prayer of the bill that this was for her but in the body of the bill she states that there was an agreement that this would be put in trust for the children. Obviously, if her prayer was granted it would not run in her favor as an individual but would be in trust for the benefit of the children.

To this bill in the Chancery Court an answer was filed denying the allegations, but the Chancellor entered a decree requiring Mr. Youree to make an accounting and not to dispose of any of the proceeds from the sale of this real property. Then apparently a plea in abatement was attempted to be filed to show that the court granting the divorce was the one that had jurisdiction and that these things should be heard there. The Chancellor denied the right to file such a plea in abatement and likewise denied a discretionary appeal. After this had happened Mr.

Youree filed a petition in the court in which the divorce had been granted on November 10, 1964, taking the position that that court had originally taken jurisdiction of all this matter and that this real estate belonged to the parties at the time the divorce was granted. This petition alleges on the first page thereof that: "At the time of the hearing in this Court, Mrs. Youree's counsel stated to defendant's attorney that a deed had been executed by the complainant to the defendant and would be delivered to the defendant's attorney immediately. Said proceeding took place as stated, at the hearing of the cause on November 1, 1963." This petition sought an injunction against Mrs. Youree from proceeding further with her original bill filed in the Chancery Court and to have the trial court, it having once taken jurisdiction of the divorce matter, take over all matters regarding the property of the parties which they had at the time of the divorce, even though the disposition of the real estate was not covered in the decree. Mrs. Youree was further enjoined from removing the litigation to another court. The trial judge herein granted this injunction.

To this bill for an injunction Mrs. Youree demurred, setting forth ten different grounds in her demurrer. This demurrer was argued and overruled and an appeal perfected to this Court. In this Court there have been ten assignments of error setting forth each ground of the demurrer to the bill. It might not be amiss to say at this time that counsel for these parties in the original divorce action are not counsel in the present litigation, and this may account for some of the disagreement of these parties as to exactly what has taken place, or the interpretation thereof to be given the various decrees and bills, copies of which are attached to the petition upon which the injunction was granted and which is here in question.

58

■ Of course, the demurrer to this petition, wherein it was alleged that this agreement and the deed made prior to or at the time of the final decree, is an averment of fact which must be considered as true. Demurrers of this kind merely admit well pled facts and reasonable inferences to be drawn therefrom and not conclusions of law or things contrary to the judicial knowledge of the court who has had them before it. Thus it is that the only inference to be drawn from this record is that this agreement of Mrs. Youree to deed to her husband her one-half undivided interest in this property is that it must have been made prior to or at the time of this divorce decree. In other words, this agreement must have been made without the knowledge of the court trying the divorce lawsuit and having jurisdiction of all the interests of the parties in the property involved. If such had been brought to the attention of the court trying the divorce suit there could have been a decree entered, and should have been a decree entered, providing for these things there to protect the interests of all parties concerned as well as the minor children involved.

■■ When a divorce court adopts a property settlement between the parties the court is not necessarily bound by this settlement, but merely uses the settlement for its evidentiary value in arriving at a conclusion of whether or not the property settlement between the parties is fair and just. It must be presumed that this is true and that the trial judge did so in arriving at his final decree on such matters. When it is alleged that an agreement has been entered into between the parties that has not been disclosed in the decree it is presumed that the trial judge knew of this fact, but this presumption is overcome by the bill, a copy of which is filed in the Chancery Court, that such an agreement was made between

these parties which is denominated as a secret agreement, and this is probably a right conclusion that it was made without the trial judge in the divorce suit having knowledge of this fact.

■ After stating the factual situation here between the parties we first arrive at the question of whether or not a verbal property agreement of the kind, entered into between a husband and wife prior to a final divorce and allegedly for benefit of the minor children who were involved in this litigation, should be enforced by the court who hears all the facts about these parties and grants the divorce and has before it the continuing duty to look after the interest of these minor children, or can it be brought in another court of concurrent jurisdiction? Our judgment of the matter is that all of these things should be litigated in the court first taking jurisdiction and having these parties before it and having the duty to see that the minor children involved in this divorce litigation are properly cared for in the future.

Factually this case is not on all fours with *Kizer v. Bellar,* 192 Tenn. 540, 241 S.W.2d 561, or the very recent case of *Morrissey v. Morrissey,* 214 Tenn. 112, 377 S.W.2d 944, but in principle it raises the identical question, and, that is, that the court first taking jurisdiction and having all these things before it is the court that should for very obvious reasons (to keep from going over the same proof again and things of that kind, as to what is best for the children, what the parties have agreed to in the property agreement, etc.) and from a common sense viewpoint have jurisdiction of the matter.

■ There is no reason in the world why this court that originally took jurisdiction and which has the parties and these things before it, can't, if the factual situation

proves to be what is alleged in the bill in the Chancery Court, enforce the so-called secret agreement for the benefit of these children in the court now having jurisdiction of them. There is no reason why this matter should be taken to another court and that court have to go through all of this, it not having jurisdiction of these children and their care. Thus it is that we conclude that this law court, which in divorce proceedings likewise has equity jurisdiction, should retain jurisdiction of this matter and properly settle the question involved in the proposed independent chancery lawsuit.

■■ The courts of this State have the right, power and duty to protect their decrees and the parties involved in a lawsuit of this kind in their jurisdiction by whatever means necessary to do so, and the means here sought of enjoining this woman from proceeding in another court to enforce something that should be done in this court are proper. The writer of this opinion applied this principle in *Chaffin v. Robinson,* 187 Tenn. 125, 213 S.W. 2d 32, and in doing so based the Chaffin opinion primarily upon the old opinion of *State ex rel. v. Hebert,* 127 Tenn. 220, 154 S.W. 957. Thus it is in our judgment there is no question but that the trial court has the right and duty to see that its orders, decrees and things that should be before it in certain litigation are not interfered with by some other court. In our view of the matter the granting of the injunction herein was proper. The case will be affirmed and remanded to the trial court for further hearing as to the rights of these children in the property in question. This court has the matter before it and will know what has gone on before in this regard.

We have very carefully listened to the exceptionally able arguments by counsel on both sides and have read

and re-read the briefs and record herein at least three times before definitely and finally arriving at the conclusion which is inescapable to us. The judgment below enjoining Mrs. Youree from proceeding in this independent litigation in a court of concurrent jurisdiction will be affirmed.