IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

## BYRON BLACK v. FRANK STRADA, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE TENNESSEE DEPARTMENT OF CORRECTION, ET AL.[1]

**Appeal from the Chancery Court for Davidson County**
**No. 25-0414-IV      Russell T. Perkins, Chancellor**

_____

**No. M2025-01095-SC-RDO-CV**
_____

Byron Lewis Black, a death-row inmate scheduled for execution on August 5, 2025, challenges Tennessee's lethal injection protocol. He asserts that the protocol, which uses a single dose of pentobarbital, is unconstitutional as applied to him because it does not account for his individualized medical condition that necessitated an implantable cardioverter-defibrillator ("ICD"). Due to the impending execution, Mr. Black sought a temporary injunction in the trial court requiring the defendants to deactivate the ICD prior to the execution. He argues that the effects of pentobarbital will trigger the device and result in the infliction of extreme pain in violation of the Eighth Amendment. After a hearing, the trial court granted the temporary injunction, directing the defendants to arrange for qualified medical personnel to deactivate the ICD moments before administering the lethal injection. The court subsequently modified the injunction to permit the defendants to transport Mr. Black to a hospital to deactivate the ICD "as early as possible" on the morning of the execution. The defendants filed an application for extraordinary appeal in the Court of Appeals pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure asking the intermediate appellate court to vacate the temporary injunction. This Court assumed jurisdiction pursuant to Tennessee Code Annotated section 16-3-201(d)(3) and ordered Mr. Black to file an answer. Upon review, we grant the application and conclude that the trial court erred in granting the injunction. Accordingly, we vacate the temporary injunction.

**Tenn. Code Ann. § 16-3-201(d)(3) Appeal;**
**Temporary Injunction of the Trial Court Vacated**

Jonathan Skrmetti, Attorney General & Reporter; J. Matthew Rice, Solicitor General; Nicholas W. Spangler, Associate Solicitor General; and Edwin Alan Groves, Jr., Assistant

---

[1] The declaratory judgment action filed in Davidson County Chancery Court is styled *Kevin Burns et al. v. Frank Strada et al.* The caption here reflects the narrow scope of this appeal related only to Byron Black's as-applied lethal injection protocol challenge.

Attorney General, for the appellants, Frank Strada, Commissioner, Tennessee Department of Correction, and Kenneth Nelsen, Warden, Riverbend Maximum Security Institution.

Kelley Henry, Chief, Federal Public Defender Middle District of Tennessee Capital Habeas Unit; Amy Harwell, Assistant Chief, Federal Public Defender Middle District of Tennessee Capital Habeas Unit; Drew Brazer, Marshall Jensen, and Katherine Dix, Assistant Federal Public Defenders; and Eli Swiney, Research and Writing Specialist, for the appellee, Byron Black.

**OPINION**

## I. INTRODUCTION

This application for extraordinary appeal comes approximately two weeks before the scheduled execution of Byron Black, who has been on Tennessee's death row for over thirty-five years. In March 2025, Mr. Black joined eight other death-row inmates in a state collateral challenge to the constitutionality of Tennessee's single-drug lethal injection protocol. A trial is scheduled for January 2026. With his impending execution, Mr. Black narrowed his claim to an as-applied challenge to the protocol based on his individualized medical condition that previously necessitated surgical implantation of a cardioverter-defibrillator ("ICD").

Given his pending execution, Mr. Black sought a temporary injunction to require the defendants to deactivate the ICD via a particular method immediately before, or simultaneously with, the execution. He argued the lethal dose of pentobarbital will trigger the ICD, prolong his execution, and inflict extreme pain in violation of the Eighth Amendment. The defendants opposed the motion, arguing that the trial court lacked jurisdiction to modify or place conditions on Mr. Black's execution set by order of this Court and that Mr. Black could not show a likelihood of success on the merits of his as-applied challenge because he failed to show that his preferred method of execution (a lethal dose of pentobarbital with the ICD deactivated by qualified medical personnel on the morning of the execution) is a feasible and readily available alternative. After hearing testimony from competing experts, the trial court accredited Mr. Black's expert and granted the temporary injunction, concluding Mr. Black had demonstrated a likelihood of success in his as-applied challenge. The court directed the defendants to arrange for the attendance of qualified medical personnel at the execution to deactivate the ICD moments before administering the pentobarbital in accordance with the protocol.

Three days later, the defendants filed an emergency motion to dissolve or modify the injunction. According to the declaration attached to the emergency motion, Nashville General Hospital, the third-party provider that manages Mr. Black's medical care, was unwilling to deactivate Mr. Black's ICD at the execution site but was willing to deactivate

the device at the hospital on August 4, 2025, the day before the scheduled execution.[2] Thus, the defendants asked the trial court to modify the temporary injunction to make this accommodation or to dissolve the injunction because the court exceeded its authority in imposing a condition that effectively stays the execution ordered by this Court. Mr. Black opposed the defendants' motion to modify the injunction and insisted that the ICD be deactivated on the date of his scheduled execution. After a hearing, the trial court entered an order denying the defendants' request to dissolve the injunction but granting a modification that authorizes the defendants to transport Mr. Black to the hospital for deactivation of the ICD "as early as possible" on the morning of the execution.

On July 23, 2025, the defendants sought review by filing in the Court of Appeals an Application for Extraordinary Appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. This Court, on its own motion, assumed jurisdiction over the appeal under Tennessee Code Annotated section 16-3-201(d)(3), finding that the application raised issues of compelling public interest. The Court ordered Mr. Black to file an answer to the application by Friday, July 25, at 4:00 p.m. Mr. Black timely filed an answer. Upon due consideration, we hereby grant the application for extraordinary appeal and consider the case without further briefing or oral argument. *See* Tenn. R. App. P. 10(d); Tenn. Sup. Ct. R. 48(d). In light of the multiple appendices filed by the parties pursuant to Rule 10(c) of the Tennessee Rules of Appellate Procedure, it is unnecessary for the trial court clerk and master to file a record on appeal at this time.

## II. STANDARD OF REVIEW

The trial court's decision to grant a plaintiff's request for a temporary injunction is discretionary and is reviewed for an abuse of discretion. *Fisher v. Hargett*, 604 S.W.3d 381, 395 (Tenn. 2020). "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Id.* (quoting *Harmon v. Hickman Cmty. Healthcare Servs., Inc.*, 594 S.W.3d 297, 305–06 (Tenn. 2020)). An abuse of discretion also occurs when a court "strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citing *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007)). "Whether the trial court applied an incorrect legal standard is a question of law and is reviewed *de novo* with no presumption of correctness." *Fisher*, 604 S.W.3d at 395. Questions of fact are reviewed *de novo* with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d).

---

[2] Yesterday, the defendants filed a declaration from the Assistant Commissioner of TDOC stating that Nashville General Hospital is now unwilling to participate in the deactivation procedure or to be "associated in any way with Mr. Black's execution." Today, Mr. Black filed a motion to strike the declaration. Upon due consideration, Mr. Black's motion to strike is respectfully denied.

## III. ANALYSIS

A temporary injunction may be granted if the evidence clearly shows "that the movant's rights are being or will be violated by an adverse party and the movant will suffer immediate and irreparable injury, loss or damage pending a final judgment in the action, or that the acts or omissions of the adverse party will tend to render such final judgment ineffectual." Tenn. R. Civ. P. 65.04(2). Tennessee courts consider the following four factors in determining whether to issue a temporary injunction: "(1) the threat of irreparable harm to the plaintiff if the injunction is not granted; (2) the balance between this harm and the injury that granting the injunction would inflict on defendant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest." *Fisher*, 604 S.W.3d at 394 (quoting *Moody v. Hutchison*, 247 S.W.3d 187, 199–200 (Tenn. Ct. App. 2007)). A court issuing a temporary injunction "shall set forth findings of fact and conclusions of law which constitute the grounds of its action." Tenn. R. Civ. P. 65.04(6).

In this case, the defendants argue: (1) the trial court exceeded its authority and jurisdiction by enjoining the defendants and, in effect, a non-party medical provider, to deactivate Mr. Black's ICD on the morning of the execution; and (2) the trial court arbitrarily enjoined Mr. Black's execution under the single-drug protocol because Mr. Black failed to prove a likelihood of success on the merits of his as-applied protocol challenge.

Unlike other civil actions, this case is a unique convergence of criminal and civil jurisprudence. In 1989, a jury convicted Mr. Black on three counts of first-degree murder for the brutal killings of his girlfriend and her two young daughters and sentenced him to death for the murder of one of the daughters. Mr. Black unsuccessfully pursued relief in every conceivable criminal proceeding.[3] In January 2025, after a two-year pause in executions, the Tennessee Department of Correction ("TDOC") adopted a single-drug lethal injection protocol that uses a single dose of pentobarbital. On March 3, 2025, this Court reset Mr. Black's execution for August 5, 2025. On March 14, 2025, Mr. Black joined eight other death-row inmates[4] in this, his fourth civil action, asserting facial and as-applied constitutional challenges to the 2025 lethal injection protocol, among other claims.[5]

---

[3] *See Black v. State*, No. M2000-00641-SC-DPE-CD, 2025 WL 1927568 (Tenn. July 8, 2025) (Order), *petition for cert. filed*, ___ U.S. __ (July 16, 2025).

[4] Plaintiff Oscar Franklin Smith was executed on May 22, 2025, under the 2025 single-drug protocol.

[5] *See West v. Schofield*, 519 S.W.3d 550 (Tenn. 2017) (upholding single-drug lethal injection protocol utilizing pentobarbital); *Abdur'Rahman v. Parker*, 558 S.W.3d 606 (Tenn. 2018) (upholding three-drug lethal injection protocol as alternative to single-drug protocol); *Smith v. Parker*, No. 3:19-CV-01138, 2020 WL 1853593 (M.D. Tenn. Apr. 13, 2020) (dismissing Mr. Black's request to force TDOC to utilize pentobarbital in his execution).

On June 30, 2025, Mr. Black sought temporary injunctive relief under Rule 65.04(2) of the Tennessee Rules of Civil Procedure as a means of presenting pre-trial proof on his as-applied challenge before the execution date.

The trial court heard evidence at the injunction hearing regarding Mr. Black's as-applied protocol challenge. Competing experts described how the ICD functioned and opined on the probability that a lethal dose of pentobarbital would trigger the device and inflict the additional pain proscribed by the Eighth Amendment. Mr. Black's expert opined that such pain would occur, and conversely, the defendants' experts opined that such pain would not occur. The trial court accredited Mr. Black's expert and found that Mr. Black was likely to succeed on the merits in his as-applied challenge. The court's initial and modified injunctions effectively required the defendants to use Mr. Black's proposed alternative method of execution—injection of a single lethal dose of pentobarbital only after deactivation of the ICD by a qualified medical professional on his scheduled execution date.

The defendants argue that, regardless of the correctness of its holding on the as-applied challenge, the trial court exceeded its authority when it directed the defendants to alter their execution protocol by requiring deactivation of Mr. Black's ICD on the day of execution. The narrow issue we address here is whether, in the context of an impending execution, the trial court had the authority to grant mandatory injunctive relief to the moving party that effectively modifies this Court's unconditional execution order.[6] We conclude it did not.

Orders for executions are solely within the purview of this Court. Tenn. Sup. Ct. R. 12(4). Any modification of an execution order of this Court must come from this Court, subject only to review in appropriate cases by the United States Supreme Court. *See id.*; *Barger v. Brock*, 535 S.W.2d 337, 340 (Tenn. 1976) (citing Tenn. Const. art. VI, § 1). When the trial court directed the defendants to alter Mr. Black's method of execution based on his as-applied challenge to the protocol, the court exceeded its authority by effectively modifying and placing conditions upon this Court's unconditional execution order.

The trial court, in an effort to minimize the impact of its injunction, insisted that "delay of Mr. Black's execution is not being countenanced." Mr. Black similarly asserts that the injunction affects only a secondary issue related to the method of execution, not the execution itself. We disagree. The injunction placed a precondition on Mr. Black's execution by requiring the defendants to arrange for Mr. Black's ICD to be deactivated on the morning of his execution. The defendants informed the trial court that they were unable to deactivate the ICD on the day of the execution but offered as an alternative to have the

---

[6] For purposes of this appeal, we need not address the other issues related to jurisdiction or authority of the trial court.

procedure performed the day before the execution. Mr. Black would not agree to that alternative, and the trial court's modified injunction continued to require the defendants to deactivate the ICD on the morning of the execution. Thus, it effectively and practically operated as a stay of this Court's execution order. A trial court does not have the authority to stay, modify, or condition this Court's execution order.[7] *See Coe v. Sundquist*, No. M2000-00897-SC-R9-CV (Tenn. Apr. 19, 2000) (Order) (vacating a trial court order "enjoining and restraining" an inmate's execution during the pendency of a declaratory judgment action because it "amounted to a stay of execution scheduled by this Court[]" and exceeded the jurisdiction of the trial court).[8] Accordingly, we vacate the trial court's order granting a temporary injunction.[9]

As noted above, when the defendants indicated at the hearing on their motion to modify the injunction that Nashville General Hospital could deactivate Mr. Black's ICD on August 4, 2025, Mr. Black opposed that option. Based on the recently filed declaration of TDOC's Assistant Commissioner, it appears that Nashville General Hospital is not

---

[7] We note that our rules specifically recognize that this Court has the authority to grant a stay pending resolution of collateral litigation in state court. Tenn. Sup. Ct. R. 12(4)(E). Nevertheless, Mr. Black sought his relief from the Davidson County Chancery Court through his motion for a temporary injunction.

[8] As this Court explained in *Coe*,

> This Court is the highest judicial tribunal of the state and all other courts are constitutionally inferior tribunals subject to the actions of the Court. *Barger v. Brock*, 535 S.W.2d 337, 340 (Tenn. 1976). A trial court has no power to enjoin or stay an appellate court order. *Seessel v. Seessel*, 748 S.W.2d 422, 423 (Tenn. 1988), *overruled on other grounds*, *Aaby v. Strange*, 924 S.W.2d 623 (Tenn. 1996). Since a circuit court is without power or jurisdiction to stay a decree of this Court, any such order by a circuit court for that purpose will be vacated. *Dibrell v. Eastland*, 11 Tenn. (3 Yerg) 507 (1832). While a trial judge may be authorized to issue a stay of execution under certain circumstances upon the filing of a proper petition for post-conviction relief, *see* Tenn. Code Ann. § 40-30-220, or a petition for writ of habeas corpus, *see* Tenn. Code Ann. § 29-21-119, this case is neither a post-conviction case nor a habeas case, but rather an action for a declaratory judgment under Tenn. Code Ann. § 29-14-101, et seq. No jurisdiction exists under the declaratory judgment statutes to supersede a valid order of this Court. In those cases where an inferior court has exceeded its jurisdiction, this Court has the right, power and duty to protect its decree. *See Youree v. Youree*, 217 Tenn. 53, 60, 394 S.W.2d 869, 872 (1965). All members of this Court agree that the order of the trial court enjoining and restraining the execution, which effectively amounted to a stay of the execution scheduled by this Court's order of April 11, 2000, exceeded the jurisdiction of the trial court. A majority of this Court likewise concludes that the order of the trial court should be vacated. Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that the order of the Davidson County Circuit Court enjoining and restraining the execution of the appellee is VACATED.

*Coe v. Sundquist*, No. M2000-00897-SC-R9-CV, 1–2 (Tenn. Apr. 19, 2000) (Order).

[9] The second issue regarding Mr. Black's likelihood of success on the merits is pretermitted by this conclusion.

willing to participate in the deactivation of Mr. Black's ICD. Although we vacate the trial court's temporary injunction requiring deactivation of Mr. Black's ICD on his execution date, nothing in our decision today prevents the parties from reaching an agreement regarding deactivation of Mr. Black's ICD should it become feasible for the procedure to be performed at an appropriate time.

## IV. CONCLUSION

For the reasons explained above, the order of the trial court granting Mr. Black a temporary injunction is VACATED.

Further, as provided by this Court's order of March 3, 2025, the Warden of the Riverbend Maximum Security Institution, or his designee, shall carry out the execution of Byron Lewis Black in accordance with Tennessee law on the 5th day of August, 2025, unless a stay is entered by this Court or by a federal court. Counsel for Byron Lewis Black shall provide to the Office of the Appellate Court Clerk in Nashville a copy of any order of stay. The Clerk shall expeditiously furnish a copy of any stay order to the Warden of the Riverbend Maximum Security Institution.

This opinion is not subject to rehearing under Rule 39 of the Tennessee Rules of Appellate Procedure, and the Clerk is directed to certify this opinion as final and to immediately issue the mandate.

This opinion is designated for publication pursuant to Rule 4 of the Rules of the Tennessee Supreme Court.

PER CURIAM